UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JANE DOE 1, and JANE DOE 2,
                              Plaintiffs,

vs.

MATTHEW WEISS; the REGENTS
OF THE UNIVERSITY OF
MICHIGAN; the UNIVERSITY OF
MICHIGAN; KEFFER
DEVELOPMENT SERVICES, LLC,

                              Defendants.

Case No. ___
Hon. _____
Mag.

*Jury Trial Demanded*

---

**PLAINTIFFS' CLASS ACTION COMPLAINT AND JURY DEMAND**

---

| **RECORDS PRESERVATION NOTICE** |
|---|
| Defendants are hereby notified to preserve during the pendency of this action all records and documents in all forms and formats relating to this case and to notify employees, agents, and contractors that they are required to take appropriate action to do the same. |

1

Plaintiffs, JANE DOE 1 and JANE DOE 2 ("Plaintiffs"), through their attorneys, Stinar Gould Grieco & Hensley, for their Complaint against MATTHEW WEISS, the REGENTS OF THE UNIVERSITY OF MICHIGAN, the UNIVERSITY OF MICHIGAN, and KEFFER DEVELOPMENT SERVICES, LLC, states as follows:

## THE PARTIES, JURISDICTION, AND VENUE

1.      Plaintiff Jane Doe 1 was a student athlete at the University of Michigan between 2017 and 2018 and was a member of the Michigan Women's Gymnastics team.

2.      Plaintiff Jane Doe 1 is domiciled in Washtenaw County, Michigan, in the city of Ypsilanti.

3.      Plaintiff Jane Doe 2 was a student athlete at the University of Michigan between 2017 and 2023 and was a member of the Michigan Women's Soccer team.

4.      Plaintiff Jane Doe 2 is domiciled in Oakland County, Michigan, in the City of Northville.

5.      The Regents of the University of Michigan (the "Regents") is a body corporate, with the right to be sued, vested with the government of the university. Mich. Comp. Laws § 390.3 and § 390.4.

6.      The University of Michigan (the "University") is a public university organized and existing under the laws of the State of Michigan.

2

7.     The University received and receives state financial assistance and is therefore, among other reasons, subject to the laws of the State of Michigan.

8.     Keffer Development Services, LLC ("Keffer") is a Pennsylvania limited liability company that has continuously and systematically done business in the State of Michigan through its direct providing of services to residents and entities within the State of Michigan for which it has been handsomely compensated and has therefore purposefully availed itself of protections of the laws of the State of Michigan.

9.     Keffer's misconduct and legal failures as detailed in this Complaint occurred specifically with respect to Plaintiffs who reside in Michigan and while Plaintiffs resided in Michigan.

10.    Matthew Weiss is an individual who resides in Michigan.

11.    Jurisdiction is proper in this Court under 28 U.S.C. §§ 1331 and 1367 because this matter involves a cause of action under the Stored Communications Act, 18 U.S.C. § 2701(a) *et seq.* and the court has supplemental jurisdiction of the other causes of action under 28 U.S.C. §1367(a).

12.    Venue is appropriate in this district under 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to these claims occurred in this district and Defendants are subject to personal jurisdiction in this district.

3

## COMMON ALLEGATIONS

13.    Weiss was employed by the University.

14.    Weiss's actions were in furtherance of his job duties for the University.

15.    The Regents are responsible and had a duty to ensure that the University runs itself with integrity and care for the students.

16.    It breached that duty by failing to supervise and monitor Weiss and as a result Plaintiffs and thousands of others have had their privacy illegally invaded.

17.    The Regents are also responsible for overseeing the University's operations, finances, and policy, including approving budgets, tuition rates, and construction projects.

18.    The Regents also failed in that duty by failing to consider, implement, or follow a policy to oversee how or whether the University conducted its operations in a manner that would have in any manner monitored, supervised, and ensured that retention and employment of Weiss would not result in a breach of the privacy Plaintiffs entrusted to the University.

19.    The Regents also failed in that duty by failing to take any action much less consider means by which to prevent the harm caused to Plaintiffs and their peers as alleged in this Complaint.

4

20.     The Regents were supposed, but failed, to establish University policy, including to monitor personnel, including but not limited to Weiss, so that students on the campus were protected from their privacy being invaded.

21.     The Regents were required but failed to ensure that the University offered services such as to have student athletes able to be treated by athletic professionals who do not invade their privacy.

22.     The Regents recklessly failed to ensure media and information of and pertaining to student athletes including but not limited to Plaintiffs was safely provided since Plaintiffs and other similar to them entrusted the Regents to do so.

23.     The Regents had an obligation to support Plaintiffs, and to develop the campus, its operations including student services, and admissions, and financial aid, among others, in a way that at least considered having and executing security measures to protect the personal, private, and intimate images and information of the Plaintiffs and others similar to them.

24.     The Regents breached those duties because they failed to consider or implement any security measures to protect the personal, private, and intimate images and information of the Plaintiffs and others similar to them.

25.     The Regents were responsible for financial oversight of the University but failed to prudently exercise that duty because they placed avoiding cost of learning, having, and implementing security measures to protect the personal,

5

private, and intimate images and information of the Plaintiffs and others similar to them, as more important than incurring the cost of establishing and paying for programs to so implement safety policies, and to monitor and ensure student safety.

26.     The Regents are supposed to regulate all three U-M campuses but failed to do so by failing to consider or implement any policies to review, discover, or prevent the willful invasions of privacy committed by Weiss as a result of the access the University provided to him to so invade the privacy of the student athletes including but not limited to Plaintiffs who entrusted themselves to the University and the Regents.

27.     The University itself had all of the same duties as the Regents.

28.     The University itself breached all of the same duties and in the same and/or similar manners as the Regents.

29.     The Plaintiffs and others like them entrusted the University to safeguard their bodily images and information.

30.     The University breached the heightened duty it had and recklessly permitted Weiss to invade the Plaintiffs' privacy and likewise for their student athlete peers and expose them and their intimate images.

31.     The Regents also had and breached general supervision privileges and obligations to "control" and "direct" all expenditures of funds but failed to ensure any of the many millions of public dollars given to the University were used to study,

6

select, and implement safety measures to protect student athletes' private and personal body images and information, particularly female athletes, while at the same time spending tens if not hundreds of millions of dollars on other expenses that are wholly ignorant of student athlete health, safety, and privacy.

32.    The University employed Weiss.

33.    The University controlled Weiss.

34.    The University assigned and directed job duties to and upon Weiss.

35.    Those job duties and direction directly resulted in Weiss accessing private, personal, intimate images and information of Plaintiffs and others similar to them, all of which were private, and entrusted to be safeguarded by the university and its agents.

36.    The University took no action to monitor Weiss despite providing him with the ability and means to invade Plaintiffs' privacy and the privacy of others.

37.    The University breached the confidences that Plaintiffs and others similar to Plaintiffs entrusted to the University and did so by providing Weiss with the electronic credentials and ability to track and spy on students athletes including Plaintiffs, and to use those credentials to invade Plaintiffs' private lives and obtain and use images of them and personal information relating to them.

7

38.     With no University supervision, and during execution of his official duties as an employee of the University, Weiss invaded Plaintiffs' privacy and the privacy of others in similar postures.

39.     The misconduct, recklessness, and bad acts of the Regents, the University, and Weiss also included and involved Keffer.

40.     Keffer's misconduct, negligence, and recklessness also contributed to Weiss invading the privacy of Plaintiffs and their fellow student athletes.

41.     Keffer agreed to safely maintain and store information, images, expressions, and videos of Plaintiffs and their peers in secure manner, free from access from employees of the University such as Weiss or third parties.

42.     Keffer knew that the images and information of Plaintiffs and others similar to them would be personal, private, and intimate.

43.     Keffer knowingly and intentionally took on the obligation to safeguard and protect the personal, private, and intimate images and information entrusted to Keffer by Plaintiffs and others similar to them.

44.     Keffer breached those obligations by failing to consider, enact, or implement any policy, procedure, or security measure to safeguard and protect the personal, private, and intimate images and information entrusted to Keffer by Plaintiffs and others similar to them.

45.    Weiss accessed the personal, private, and intimate images and information entrusted to Keffer by Plaintiffs and others similar to them as a result of Keffer's failures to consider, enact, or implement any measure of security or protection.

46.    Keffer collects information including private information about students and student athletes.

47.    The University and the Regents authorized Keffer's collection of that information that is and was personal and private in nature.

48.    Plaintiffs and others similar to them entrusted that the Regents and the University's authorization to and entrustment to Keffer would keep them safe and their private images and information private.

49.    The Regents and the University failed to take any action to ensure that Keffer retained the privacy of the images and information of Plaintiffs and others like them.

50.    The Regents' failures in this respect harmed Plaintiffs.

51.    The University's failures in this respect harmed Plaintiffs.

52.    Keffer failed to take any action to ensure that it retained the privacy of the images and information of Plaintiffs and others like them entrusted to Keffer.

9

53.    Keffer failed to consider or take any action to protect against the access by Weiss of the private information, images, expressions, and videos of Plaintiffs and their peers.

54.    Due to the negligent and reckless conduct of Keffer, the Regents, and the University (collectively, the "Non-Individual Defendants"), Weiss was able to, among other misconduct, invade the privacy of various individuals including but not limited to Plaintiffs and their peers.

55.    Between approximately 2015 and January 2023, as alleged in the Indictment against him, Weiss gained access—without and in excess of authorization—to the social media, email, and/or cloud storage accounts of more than 3,300 people including but not limited to University student athletes, past and present, and including but not limited to Plaintiffs.

56.    His ability to do so was aided by the University and the Regents both of whom permitted him to have access and use of electronic credentials that were means of viewing and downloading personal, private, and intimate images of Plaintiffs and others similar to them.

57.    The Non-Individual Defendants failed to review Weiss's activity, failed to supervise his activity, failed to review his retention in a prudent manner, and failed to ensure his work duties were being undertaken and completed with respect for Plaintiffs' privacy and the privacy of others.

10

58.     The Non-Individual Defendants failed to consider or implement any measure of security that provided protection for the privacy of information about student athletes including by failing to consider or have multiple authentication credentials, background checks, peer reviews, or oversight.

59.     These failures allowed Weiss to access private, intimate, personal information pertaining to Plaintiffs and their peers, all of which was maintained by Keffer, as encouraged and authorized by the University and the Regents, and all of which Plaintiffs and other similar to them entrusted to the Non-Individual Defendants.

60.     The recklessness and negligence and misconduct of the Regents, the University, and Keffer in these respects enabled Weiss to target female college athletes to obtain their private and sensitive information without authorization, including but not limited to Plaintiffs.

61.     The Non-Individual Defendants knew that Weiss by virtue of his job duties would be at an advantage over others and would be able to access the other private information and privacy interests of the Plaintiffs and their peers.

62.     Because the Regents, the University, and Keffer failed to undertake any reasonable security measures or background checks of Weiss, he was enabled to brazenly research and target and invade the privacy of various University athletes,

11

particularly female athletes, nearly all if not all such women were targeted based on their school affiliation, athletic history, and physical characteristics.

63.    Because the Regents, the University, and Keffer failed to supervise Weiss, review his conduct, review his credentials, review his work, and left him free to prey on Plaintiffs and others, all without reporting what he was doing in furtherance of his duties, Weiss was able to execute his goal of obtaining private photographs and videos of Plaintiffs and others that were never intended to be shared beyond Plaintiffs' intimate partners, and likewise for other victims situated similar to the Plaintiffs.

64.    As a result of the University's recklessness, the recklessness of the Regents, and the gross negligence of Keffer, Weiss downloaded personal, intimate digital photographs and videos of Plaintiffs and others, all of which Plaintiffs and other class members entrusted to the Non-Individual Defendants.

65.    Because the Non-Individual Defendants negligently and recklessly failed to exercise any control over Weiss, Weiss, in furtherance of performance of his job duties, was able to successfully target athletes such as Plaintiffs and others similar to them and download, obtain, and use their private information, images, and videos.

66.    Because the Non-Individual Defendants negligently and recklessly failed to keep tabs on Weiss, he was able to keep notes on individuals whose

12

photographs and videos he wanted, all of which he obtained, and then viewed, and the Non-Individual Defendants' failure to take any reasonable protective measures was so severe that Weiss even kept detailed notes commenting on the bodies and sexual preferences of Plaintiffs and their peers.

67. The information that the Non-Individual Defendants permitted Weiss to obtain is highly private, secretive, embarrassing when shared without authorization, and humiliating to become public without authorization.

68. Weiss obtained access—without and in excess of authorization—to student athlete databases of more than 100 colleges and universities across the country that were maintained by Keffer including but not limited to those of university athletes like Plaintiffs because the University and the Regents failed to take any action or even consider the harm Weiss could do, and actually did, as did Keffer.

69. Hundreds if not thousands of students still face harm because, despite notice from decades of athlete department complaints and abuse, and widely known social media stockpiles of information that beg for safekeeping, Keffer, the Regents and the University have failed again and again to undertake any review of how Plaintiffs' private and personal information is stored, maintained, and who can access such information, and from where.

70.     The University and the Regents also failed to investigate Keffer, Keffer's protocols, and failed to monitor or establish safeguards for Keffer's work with the students and their private images to ensure they carried out their duties to safeguard and protect the private information entrusted to them.

71.     The University and the Regents have also failed to consider or implement ways to prevent exposing students to Weiss.

72.     Neither the University nor the Regents have explained or justified why they failed to undertake any review of the contract with Keffer, failed to investigate Keffer, failed to monitor or establish safeguards for Keffer's work with the students and their private images, and otherwise considered what action they should take to not expose students to Weiss.

73.     Weiss, through the lack of control and enabling from the Non-Individual Defendants, obtained access to databases containing highly sensitive and private information of the Plaintiffs and others similar to them.

74.     Many if not all of those databases are maintained by Keffer and was entrusted by Plaintiffs to be safeguarded.

75.     Plaintiffs entrusted the University and the Regents to ensure Keffer safeguarded their private information and images.

76.     All of the Non-Individual Defendants failed to consider or execute any action that would have been prudent and would have protected Plaintiffs' private

14

information and the private information of others in similar positions from being accessed by Weiss.

77.    After gaining access to unsecured databases, Weiss downloaded the personally identifiable information (PII) and medical data of more than 150,000 athletes including Plaintiffs.

78.    Weiss also downloaded passwords that athletes used to access Keffer's s computer system to view and update the athletes' data, including that of Plaintiffs.

79.    The athletes' passwords that Weiss downloaded were encrypted, but was poorly encrypted because of recklessness of the Non-Individual Defendants that Weiss while not being monitored or supervised by the Non-Individual Defendants cracked the encryption, assisted by basic research that he did on the internet.

80.    Through open-source Weiss conducted additional research on targeted athletes such as Plaintiffs and obtained personal information such as their mothers' maiden names, pets, places of birth, and nicknames, all of which they had entrusted to Non-Individual Defendants to keep private and none of which the Non-Individual Defendants actually safeguarded in any reasonable manner.

81.    Using the combined information that he obtained from the student athlete databases and his internet research, based on the lack of supervision or monitoring by the Non-Individual Defendants, despite their control over him, Weiss was able to obtain access to the social media, email, and/or cloud storage

60453048.2

accounts of more than 2,000 targeted athletes by guessing or resetting their passwords including but not limited to Plaintiffs.

82.    Once he obtained access to the accounts of targeted athletes, Weiss searched for and downloaded personal, intimate photographs and videos that were not publicly shared, including but not limited to Plaintiffs and others similar to them.

83.    Weiss also obtained access—without authorization—to the social media, email, and/or cloud storage accounts of more than 1,300 additional students and/or alumni from universities and colleges from around the country including but not limited to Plaintiffs, caused by the reckless disregard for the safety and personal privacy of the victims committed by the Non-Individual Defendants.

84.    Once Weiss gained access to the accounts, he would search for and download personal, intimate photographs and videos.

85.    The Regents took no reasonable actions to prevent this unauthorized access.

86.    The University took no reasonable actions to prevent this unauthorized access.

87.    Keffer took no reasonable actions to prevent this unauthorized access.

16

88.     The Regents have taken no action to remedy the various tortious harms and invasions they permitted to occur.

89.     The University has taken no action to remedy the various tortious harms and invasions they permitted to occur.

90.     Keffer has taken no action to remedy the various tortious harms and invasions they permitted to occur.

91.     In several instances, Weiss exploited vulnerabilities in the Non-Individuals' account authentication processes to gain access to the accounts of students or alumni including but not limited to Plaintiffs.

92.     Weiss leveraged his access to these accounts to gain access to other social media, email, and/or cloud storage accounts.

93.     The Regents took no action to prevent this unauthorized access.

94.     The University took no action to prevent this unauthorized access.

95.     Keffer took no action to prevent this unauthorized access.

96.     The Non-Individual Defendants have long been on notice, and it is obvious, that the kind of information Weiss accessed would be reasonably expected to be kept private, would be embarrassing if accessed by third parties, and is the kind of data that in the modern world every commercial and governmental actor is expected to take action to safeguard, particularly since the young student athletes who are dedicated to the University and the Regents entrusted them to keep all such

17

private information and images confidential and free from access by third parties such as Weiss.

97.    Despite all such notice and prior instances of breach of trust, the Non-Individual Defendants failed to protect Plaintiffs' private information and images, or to study, consider, or undertake any reasonable method to protect the Plaintiffs' privacy and the privacy of others.

98.    From in and around 2015, to in and around January 2023, Weiss intentionally accessed—without authorization—information, images, and personal private information of Plaintiffs and others, including servers from identified and unidentified social media, email, and/or cloud storage providers that the Non-Individual Defendants knew Plaintiffs and others expected and entrusted them to protect and that they failed to protect.

99.    Weiss obtained digital photographs, videos, and other private information belonging to more than 3,300 individuals including but not limited to Plaintiffs in furtherance of his job duties and his misconduct and the misconduct of the Non-Individual Defendants were violations of the Michigan and Maryland state torts of Invasion of Privacy.

100. From in and around May 2021, to in and around January 2023, Weiss, as a result of the reckless lack of protection, monitoring, or supervision from the

Non-Individual Defendants, knowingly transferred, possessed and used, without lawful authority, information, images, and pictures of Plaintiffs and others.

101.   From in and around January 2020, to in and around October of 2021, Weiss intentionally accessed—as a result of the Non-Individual Defendants' failure to protect the privacy of Plaintiffs and others—computers, networks, and information relating to Plaintiffs and others that was private in nature.

102.   After compromising the passwords of approximately 150 accounts and gaining access to these same accounts because he was unsupervised or monitored, Weiss downloaded personally identifiable information **(PII)** and other health protected information and medical data of more than 150,000 athletes in furtherance of his job duties, including but not limited to Plaintiffs, all in violation of the Maryland, Michigan, and Pennsylvania state torts of Invasion of Privacy.

103.   Weiss intended to and did obtain information that furthered his ability to reset the passwords for and access—without authorization—of social media, email, and/or cloud storage accounts of individuals like Plaintiffs whose information he obtained from Keffer's systems, all of which were significantly more easily obtained because of the lack of oversight and monitoring from the Non-Individual Defendants, despite notice of the threat therefor.

104. From in and around October 2022, to in and around January 2023, Weiss intentionally—without and in excess of authorization—accessed servers Keffer operated, because the Non-Individual Defendants failed to supervise or monitor him, and he as a result obtained digital photographs, videos, and other private information of Plaintiffs and others, all in furtherance of job duties, including violations of the Michigan state tort of Invasion of Privacy.

105. From in and around December 21, 2022, to in and around December 23, 2022, Weiss intentionally accessed—without authorization—computers and servers of the University and the Regents and their technology service providers, thereby invading the privacy of Plaintiffs and others, from and after the Non-Individual Defendants' failure to monitor or supervise Weiss, despite the trust that the Plaintiffs placed in the University and the Regents.

106. As additional damage, and as a result of the Non-Individual Defendants' failure to monitor or supervise Weiss, Weiss was able to reset various passwords including Plaintiffs' account, which amounts to various tortious acts, including violations of privacy, and was perpetrated through various social media, email, and/or cloud storage accounts of one or more University alumni.

107. Plaintiffs have incurred significant monetary and nonmonetary damages as a result of Defendants' actions, inactions, torts, negligence, recklessness,

60453048.2

and misconduct, and have been so damaged in excess of $75,000, exclusive of costs, interest, and fees.

## **CLASS ALLEGATIONS**

108.   Plaintiffs brings this lawsuit individually and as a class action on behalf of all others similarly situated pursuant to Rule 23.

109.   This action satisfies the numerosity, commonality, predominance, typicality and adequacy of the rule.

110.   The Class is currently defined as:

All persons whose personal information, images, data, social media, or videos were access by Weiss without authorization (the "Class Members").

111.   Numerosity: Although the exact number of Class Members is uncertain at this time and can only be ascertained through forthcoming appropriate discovery, the number is great enough such that joinder is impracticable and is estimated to exceed one thousand members (1,000).

112.   Law enforcement officials have disclosed the numbers of victims is a great many and numerosity is established.

113.   The disposition of the claims of these Class Members in a single action will provide substantial benefits to all parties and to the Court, and preserve resources, avoid potentially inconsistent results, and be an equitable and efficient manner to adjudicate the claims.

21

114.   The Class Members are readily identifiable from information and records in the possession of the federal and state authorities, the Regents, the University, and Keffer.

115.   The electronic records possessed by the Non-Individual Defendants who conducted their own investigation can confirm the identification of class membership.

116.   Commonality: The facts and proofs that show how, where, who, when, and through what mediums the invasions of Plaintiffs occurred and as occurred to the other Class Members are best and fairly determined in one stroke.

117.   The actions, inactions, negligence, and recklessness of the Non-Individual Defendants is common as to all Plaintiffs and Class Members.

118.   The downloads and invasions by Weiss and the improper conduct accessing private information through unsecure facilities without permission is common to all Class Members and has caused injury to the Plaintiffs and Class Members in virtually identical manners.

119.   The vast majority of the factual proofs and questions of law common to the Plaintiffs and to the Class Members predominate over any individual questions.

120.   Plaintiffs claims are typical of the Class Members because they are highly similar and the same and related in time, space, and origin.

60453048.2

121.   Plaintiffs are more than adequate representatives of the class because they are motivated to seek justice, and adequately represent the harms perpetrated upon the class.

122.   Maintaining this action as a class action is superior to other methods of adjudication, promoting the convenient administration of justice because:

a.  The pursuit of separate actions by individual Class Members would risk inconsistent or varying adjudications that would confront Defendants with potentially incompatible standards of conduct;

b.  Many victims will not come forward without a certified class.

c.  Final equitable relief will be appropriate with respect to the Class as a whole for any monitoring, protection, therapy and other equitable forms of relief that may be provided;

d.  This action is manageable as a class action and would be unmanageable any other way;

e.  Absent the class action, individual Class Members may not know if they have been recorded; where such images are currently being stored or are accessible by others; and their injuries are likely to go unaddressed and unremedied; and,

f.  Individual Class Members may not have a significant interest in controlling the prosecution of separate actions.

23

## COUNT I – VIOLATION OF THE COMPUTER FRAUD
## AND ABUSE ACT – 18 U.S.C. § 1030

123.    Plaintiffs incorporate the allegations set forth above by reference with the same force and effect as if fully repeated.

124.    Weiss violated the Computer Fraud and Abuse Act by accessing without authorization Plaintiffs' private information.

125.    Weiss did so in connection with his job duties given to him by the University.

126.    Weiss violated the Act because he "intentionally accesse[d] a computer without authorization" and/or "exceed[ed] authorized access, and thereby obtain[ed] ... information." 18 U.S.C. § 1030(a)(2)(C).

127.    Under the law, Weiss was an "inside hacker" because he accessed a computer with permission that dealt with Plaintiffs and the Class Members as student athletes, however, Weiss in connection with and furtherance of his job duties then exceeded the parameters of authorized access by entering an area of computerized network of information that was off-limits.

128.    As the law has described the situation, it would be like opening your office door and, to your surprise, find someone already inside. If the person is a stranger with no right to be in the building, they lack authorization. If the person is a coworker from down the hall, they may have exceeded their authorized access

60453048.2

129. Weiss's violations were intentional because he knew he was unauthorized and proceeded nevertheless and did so with approval from the University.

130. The University is vicariously liable for his actions because he did so in furtherance of his role as a medical sports employee of the University's athletic department.

131. The law is clear that the University is vicariously liable for any completed offenses of its agents.

132. Under 18 U.S.C. § 1030(g), Plaintiffs may recover damages in this civil action from Weiss and the University along with injunctive relief or other equitable relief.

133. Plaintiffs should be awarded all such forms of damages in this case for Weiss's and the University's willful violation that caused great damage, humiliation, and embarrassment to Plaintiffs and the Class.

**COUNT II – VIOLATIONS OF STORED COMMUNICATIONS ACT**

134. Plaintiffs incorporate the allegations set forth above by reference with the same force and effect as if fully repeated.

135. The Stored Communications Act, 18 U.S.C. § 2701 *et seq.*, prohibits the intentional access of web-based cloud storage and media accounts such as those at issue and other accounts hosted by Keffer that did and do, like for Plaintiffs,

25

contain personal, private, and intimate information about and relating to Plaintiffs and others situated similar to Plaintiffs.

136.   Specifically, 18 U.S.C. § 2701(a) states that anyone who:

(1) intentionally accesses without authorization a facility through which an electronic communication service is provided; or

(2) intentionally exceeds an authorization to access that facility;

and thereby obtains, alters, or prevents authorized access to a wire or electronic communication while it is in electronic storage in such system shall be punished as provided in subsection (b) of this section.

137.   Plaintiffs' electronic information and communications were in electronic storage and fit directly within the protections of the statute.

138.   The information, messages, files, and media were accessed by Weiss without authorization, in connection with his job duties performed for the University.

139.   Weiss's access without authorization in connection with his University job duties was intentional and knowingly done.

140.   There is no manner in which Plaintiffs' private information, messages, files, and media that is in issue could have been obtained without unauthorized access and would not have been obtained without unauthorized access had Weiss not been an employee of the University working in the specific sports medicine capacity for which the University hired and employed him.

26

141.   Section 2707 of the Stored Communications Act states that a party may bring a civil action for the violation of this statute.

142.   It is a strict liability statute.

143.   The statute provides that a person aggrieved by a violation of the act may seek appropriate relief including equitable and declaratory relief, actual damages or damages no less than $1,000, punitive damages, and reasonable attorney's fee[s] and other litigation costs reasonably incurred according to 18 U.S.C. § 2707(b)-(c).

144.   The University's and Weiss's access to Plaintiffs' private, personal, and intimate information, messages, files, and media was in violation of 18 U.S.C. § 2701(a).

145.   The University and Weiss knew they did not have authority to access Plaintiffs' private, personal, and intimate information, messages, files, and media and accessed it nevertheless.

146.   That willful misconduct violated the Stored Communications Act on various occasions.

147.  Plaintiffs have incurred significant monetary and nonmonetary damages as a result of these violations of the Stored Communications Act, and Plaintiffs request to be compensated for their injuries.

148.   Under the statute, Plaintiffs should be granted the greater of (1) the sum of their actual damages suffered and any profits made by the University and Weiss as a result of the violations or (2) $1,000 per violation of the Stored Communications Act.

149.   Since the violations were willful, the Court should assess punitive damages against Defendants in addition.

150.   Plaintiffs should be granted reasonable attorney fees and costs as well.

**COUNT III – VIOLATION OF TITLE IX, 20 U.S.C. § 1681(A)** *Et Seq.*

151.   Plaintiffs incorporate the allegations set forth above by reference with the same force and effect as if fully repeated.

152.   Title IX's provides, "No person in the United States shall on the basis of sex, be ... subject to discrimination under any education program or activity receiving Federal financial assistance ..."

153.   Plaintiffs are each a "person" under the Title IX statutory language.

154.   Weiss targeted women in his unwanted invasions of privacy and his misconduct is discrimination on the basis of sex.

155.   The University receives federal financial assistance for its education program and is therefore subject to the provisions of Title IX of the Education Act of 1972, 20 U.S.C. § 1681(a), *et seq.*

28

156.   The University is required under Title IX to investigate allegations of sexual harassment.

157.   The University was aware of the sensitive nature of the private and personal information of Plaintiffs to which Weiss was able to access given his role.

158.   The University and Regents acted with deliberate indifference to sexual harassment by:

   a.  Failing to protect Plaintiffs and others as required by Title IX;

   b.  Failing to adequately investigate and address the complaints regarding the deeply sensitive information Plaintiffs provided;

   c.  Failing to institute corrective measures to prevent Weiss from sexually harassing other students; and

   d.  Failing to adequately investigate the other multiple acts of deliberate indifference.

159.   The University and the Regents acted with deliberate indifference as their lack of response to the sexual harassment was clearly unreasonable in light of the known circumstances.

160.   The University's failure to promptly and appropriately protect, investigate, and remedy and respond to the sexual harassment of women has effectively denied them equal educational opportunities at the University, including medical care and sports training.

29

161.   At the time the Plaintiffs received some medical training services from the University, they did not know the Non-Individual Defendants failed to adequately consider their safety including in their engagement, hire, training, and supervision of Weiss.

162.   As a result of the University's and the Regents' deliberate indifference, Plaintiffs have suffered loss of educational opportunities and/or benefits.

163.   Plaintiffs have and incurred, and will continue to incur, attorney's fees and costs of litigation.

164.   At the time of Defendants' misconduct and wrongful actions and inactions, Plaintiffs were unaware, and or with reasonable diligence could not have been aware, of Defendants' institutional failings with respect to their responsibilities under Title IX.

165.   The Regents and the University maintained a policy and/or practice of deliberate indifference to protection of female student athletes.

166.   Defendants' policy and/or practice of deliberate indifference to protection against the invasion of privacy for female athletes created a heightened risk of sexual harassment.

167.   Defendants had the ability to prevent the privacy invasion and sexual harassment failed to so prevent the invasions and harassment.

168.   Because of the Regents' and the University's policy and/or practice of deliberate indifference, Plaintiffs had their privacy invaded and were sexually harassed by Weiss.

169.   Plaintiffs should be awarded all such forms of damages in this case for Regents' and the University's conduct that caused great damage, humiliation, and embarrassment to Plaintiffs and the Class.

## COUNT IV -- VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983 – STATE CREATED DANGER

170.   Plaintiffs incorporate the allegations set forth above by reference with the same force and effect as if fully repeated.

171.   The due process clause of the 14th Amendment provides that the state may not deprive a person of life, liberty or property without due process of law.

172.   The Regents and the University recklessly exposed Plaintiffs to a dangerous predator, Weiss, knowing he could cause serious damage by sexually harassing female students, and also by violating their rights to privacy.

173.   Plaintiffs as female student athletes were foreseeable victims.

174.   The invasion of Plaintiffs' privacy was foreseeable.

175.   The decisions and actions to deprive Plaintiff of a safe campus constituted affirmative acts that caused and/or increased the risk of harm, as well as physical and emotional injury, to Plaintiffs.

31

176.   The University and the Regents acted in willful disregard for the safety of Plaintiffs.

177.   The decisions and actions to deprive Plaintiffs a safe campus constituted affirmative acts that caused and/or increased the risk of harm, as well as physical and emotional injury, to Plaintiffs.

178.   The University and the Regents acted in willful disregard for the safety of Plaintiffs.

179.   Plaintiffs should be awarded all such forms of damages in this case for Regents' and the University's conduct that caused great damage, humiliation, and embarrassment to Plaintiffs and the Class.

**COUNT V – FAILURE TO TRAIN AND SUPERVISE 42 U.S.C. § 1983**

180.   Plaintiffs incorporate the allegations set forth above by reference with the same force and effect as if fully repeated.

181.   The University and the Regents had the ultimate responsibility and authority to train and supervise their employees, agents, and/or representatives including Weiss and all faculty and staff regarding their duties toward students, faculty, staff and visitors.

182.   The University and the Regents failed to train and supervise their employees, agents, and/or representatives including all faculty and staff, regarding the following duties:

32

a. Perceive, understand, and prevent inappropriate sexual harassment on campus;

b. Perceive, report, and prevent inappropriate invasion of privacy campus;

c. Provide diligent supervision to and over student athletes and other individuals, including Weiss;

d. Thoroughly investigate any invasion of privacy by Weiss;

e. Ensure the safety of all students, faculty, staff, and visitors to UM's campuses premises;

f. Provide a safe environment for all students, faculty, staff, and visitors to UM's premises free from sexual harassment; and, invasions of privacy;

g. Properly train faculty and staff to be aware of their individual responsibility for creating and maintaining a safe environment.

h. The above list of duties is not exhaustive.

183. The University and the Regents failed to adequately train coaches, trainers, medical staff, Weiss, and others regarding the aforementioned duties which led to violations of Plaintiff's rights.

184. The University and the Regents failure to adequately train was the result of Defendants' deliberate indifference toward the well-being of student athletes.

33

185.   The University and the Regents failure to adequately train is closely related to or actually caused Plaintiff's injuries.

186.   As a result, the University and the Regents deprived Plaintiff of rights secured by the Fourteenth Amendment to the United States Constitution in violation of 42 U.S.C. § 1983.

187.   Plaintiffs should be awarded all such forms of damages in this case for Regents' and the University's conduct that caused great damage, humiliation, and embarrassment to Plaintiffs and the Class.

## COUNT VI – INVASION OF PRIVACY
## INTRUSION UPON SECLUSION

188.   Plaintiffs incorporate the allegations set forth above by reference with the same force and effect as if fully repeated.

189.   Plaintiffs' personal social media files, videos, and other images were each in electronic storage and were, and should have been kept, private.

190.   All of that private and personal information was wrongfully accessed by Weiss.

191.   Weiss's actions were not authorized.

192.   The information could not have been obtained but for the Non-Individual Defendants' lack of monitoring and supervision.

193.   Plaintiffs did not authorize any access.

194.    Plaintiffs are embarrassed, ashamed, humiliated, and mortified that their private information has been access by total strangers and third parties.

195.    Plaintiffs' social media information and image and videos are a private subject matter.

196.    Plaintiffs had a right to keep all such information private.

197.    The means Weiss took to obtain the information was objectively unreasonable.

198.    Plaintiffs have incurred significant monetary and nonmonetary damages as a result of Defendants' actions and request the appropriate damages.

## COUNT VII – GROSS NEGLIGENCE AGAINST THE REGENTS, THE UNIVERSITY, AND KEFFER

199.    Plaintiffs incorporate the allegations set forth above by reference with the same force and effect as if fully repeated.

200.    Plaintiffs' personal social media files, videos, and other images were each in electronic storage and were, and should have been kept, private.

201.    All of that private and personal information was wrongfully accessed by Weiss.

202.    Weiss's actions were not authorized.

203.    The information could not have been obtained but for the Non-Individual Defendants' lack of monitoring and supervision.

204.    Plaintiffs did not authorize any access.

35

205.   Plaintiffs are embarrassed, ashamed, humiliated, and mortified that their private information has been access by total strangers and third parties.

206.   Plaintiffs' social media information and image and videos are a private subject matter.

207.   Plaintiffs had a right to keep all such information private.

208.   Plaintiffs entrusted the Regents and the University to ensure methods were undertaken to secure, safeguard, and protect against authorized access to their private information.

209.   The Regents and the University do not deny that.

210.   Keffer was entrusted to keep Plaintiffs' private information private.

211.   Keffer does not deny that.

212.   The Non-Individual Defendants admit that Plaintiffs expected each of them to take reasonable measures to maintain the privacy of Plaintiffs' private information.

213.   Each of the Non-Individual Defendants admits they are sorry for the breaches of trust that the Plaintiffs and the other victims have experienced.

214.   The Regents breached their duties to Plaintiffs by failing to consider, implement, or follow a policy to oversee how or whether the University conducted its operations in a manner that would have in any manner monitored, supervised, and

36

ensured that retention and employment of Weiss would not result in a breach of the privacy Plaintiffs entrusted to the Regents and the University.

215.   The Plaintiffs entrusted the University to take measures to secure against Weiss's unauthorized access to their private information.

216.   The University failed in its executed of the duty entrusted to the University by the Plaintiffs by failing to take any action much less consider means by which to prevent the harm caused to Plaintiffs and their peers as alleged in this Complaint, including but not limited to the inaction of failing to consider, determine, enact, and implement a policy to monitor, supervise, and oversee Weiss, or ensure more than one witness or person is verifying that such sensitive and personal and private information is kept confidential.

217.   The Regents were supposed to, but failed, to establish University policy, including to monitor personnel, including but not limited to Weiss, so that students on the campus are protected their privacy being invaded.

218.   The University failed to provide security to Plaintiffs and to other student athletes to be able to be treated by athletic professionals who do not invade their privacy.

219.   Keffer recklessly failed to ensure media and information of and pertaining to student athletes including but not limited to Plaintiffs was safely

provided and stored even after  Plaintiffs and other similar to them entrusted Keffer to do so.

220.   The Regents had an obligation to support Plaintiffs, and to develop the campus, its operations including student services, and admissions, and financial aid, among others, in a way that at least considered having and executing security measures to protect the personal, private, and intimate images and information of the Plaintiffs and others similar to them.

221.   The Regents breached those duties because they failed to consider or implement any security measures to protect the personal, private, and intimate images and information of the Plaintiffs and others similar to them.

222.   The University had a duty but failed to learn, enact, or implement any security measures to protect the personal, private, and intimate images and information of the Plaintiffs and others similar to them.

223.   Keffer was reckless by failing to equip its computer systems with security that did not make it easy for Weiss to use quick, basic, and cheap internet research to invade Plaintiffs' privacy.

224.   Given the sensitive nature of the Plaintiffs' private information, each of the Non-Individual Defendants knew of and, as detailed herein, breached their heightened duties to safeguard and protect Plaintiffs' privacy by failing to consider,

38

enact, and implement security measures, and that recklessness exposed Plaintiffs, the Class, and their intimate images.

225.   The Regents' failures and omissions in these respects was so reckless that it shows a substantial lack of concern for injuries to Plaintiffs and the Class.

226.   The University's failures and omissions in these respects was so reckless that it shows a substantial lack of concern for injuries to Plaintiffs and the Class.

227.   Keffer's failures and omissions in these respects was so reckless that it shows a substantial lack of concern for injuries to Plaintiffs and the Class.

228.   Plaintiffs have incurred significant monetary and nonmonetary damages as a result of Defendants' actions, and should be awarded damages accordingly.

## COUNT VIII – NEGLIGENT HIRING

229.   Plaintiffs incorporate the allegations set forth above by reference with the same force and effect as if fully repeated.

230.   Plaintiffs' personal social media files, videos, and other images were each in electronic storage and were, and should have been kept, private.

231.   The University had a duty to be reasonable in its review, selection, and hiring of Weiss.

232.   The University was not reasonable.

233.   The University failed to study, review, consider, and reasonably determine if Weiss had the kind of training, character, and respect for students to respect or at least not invade their privacy.

234.   Plaintiff's private and personal information was wrongfully accessed by Weiss.

235.   Weiss's actions were not authorized.

236.   The information could not have been obtained but for the University's failure to consider what training to require to hire someone for the job Weiss had, but for the University's failure to consider what credentials Weiss had, but for the failure to consider Weiss's background or review it, and otherwise fail to learn and establish needed conditions that must be satisfied to hire someone to handle personal and sensitive information, or at least not to abuse the position of trust the Plaintiffs placed in the University to prudently hire someone for the job Weiss had.

237.   Plaintiffs did not authorize any access by Weiss and were not asked if they thought he was fit for the job.

238.   Plaintiffs are embarrassed, ashamed, humiliated, and mortified that their private information has been access by total strangers and third parties.

239.   Plaintiffs' social media information and image and videos are a private subject matter.

240.   Plaintiffs had a right to keep all such information private.

40

241.   Plaintiffs entrusted the University to ensure methods were undertaken to secure, safeguard, and protect against authorized access to their private information.

242.   The University does not deny that.

243.   The University breached their duty to reasonably consider the credentials, training, and conditions Weiss should have had to satisfy.

244.   But for that, Plaintiffs would not have been harmed.

245.   But Plaintiffs were harmed.

246.   The University's breach of its duty to consider much less ensure Weiss was trained to and would follow security measures to protect the personal, private, and intimate images and information of the Plaintiffs and others similar to them has caused harm to Plaintiffs.

247.   Given the sensitive nature of the Plaintiffs' private information, the University knew that its hiring of Weiss should be more prudent.

248.   The University failed in its duty.

249.   Plaintiffs were harmed as a result.

250.   Plaintiffs have incurred significant monetary and nonmonetary damages as a result of Defendants' actions and request the appropriate damages.

41

## COUNT IX – NEGLIGENT TRAINING

251.   Plaintiffs incorporate the allegations set forth above by reference with the same force and effect as if fully repeated.

252.   The University had an obligation to train Weiss in a manner that would not subject the students including Plaintiffs to Weiss invading their privacy.

253.   The University failed consider, study, or enact any policy, procedure, or reasonable standard that would have trained Weiss to understand the sensitivity of the information of the Plaintiffs and the Class entrusted to him and the University.

254.   The University failed consider, study, or enact any policy, procedure, or reasonable standard that would have trained Weiss to understand the damage he would do if he invaded the private information of the Plaintiffs and the Class entrusted to him and the University.

255.   The University of Michigan is a substantial institution and Plaintiffs reasonably expected a physician coach to be trained to care about and safeguard their personal and private information.

256.   Plaintiffs understandably did not expect the University to fail to train Weiss about the highly sensitive nature of his position and leave him to his own devices to violate Plaintiffs rights and to embarrass and humiliate them.

257.   The University failed to train Weiss and that failure damaged the students including but not limited to Plaintiffs.

42

258.   The University also had an obligation, but failed, to enact and follow a policy to train Weiss to protect students such as Plaintiffs from predators.

259.   But for these failures by the University, Plaintiffs would not have been damaged and would not have had her social media files, videos, and other images that were stored electronically invaded such that they no longer enjoyed privacy and freedom from viewing by others.

260.   Plaintiffs have been damaged as a result.

261.   Plaintiffs' social media information and image and videos are a private subject matter.

262.   Plaintiffs had a right to keep all such information private.

263.   The failures of the University were unreasonable.

264.   Plaintiffs have incurred significant monetary and nonmonetary damages as a result of Defendants' actions and request the appropriate damages.

## COUNT X – NEGLIGENT SUPERVISION

265.   Plaintiffs incorporate the allegations set forth above by reference with the same force and effect as if fully repeated.

266.   The University had an obligation to supervise Weiss in a manner that would not subject the students including Plaintiffs to Weiss invading their privacy.

267.   The University failed consider, study, or enact any policy, procedure, or reasonable standard that would have supervised and monitored Weiss to understand

43

the sensitivity of the information of the Plaintiffs and the Class entrusted to him and the University.

268.   The University failed consider, study, or enact any policy, procedure, or reasonable standard that would have included more secure or multiple source authorization such that Weiss would not have been able to invade Plaintiffs' privacy.

269.   The University failed to consider or enact any measure to ensure a single actor such as Weiss, left unsupervised, would be able to invade the private information of the Plaintiffs and the Class.

270.   The University of Michigan is a substantial institution and Plaintiffs reasonably expected a physician coach to be supervised so as to safeguard their personal and private information.

271.   Plaintiffs understandably did not expect the University to fail to supervise Weiss about the highly sensitive nature of his position and leave him to his own devices to violate Plaintiffs rights and to embarrass and humiliate them.

272.   The University failed to supervise Weiss, and that failure damaged the students including but not limited to Plaintiffs.

273.   The University also had an obligation, but failed, to enact and follow a policy to supervise Weiss to protect students such as Plaintiffs from predators.

274.   But for these failures by the University, Plaintiffs would not have been damaged and would not have had her social media files, videos, and other images

60453048.2

that were stored electronically invaded such that they no longer enjoyed privacy and freedom from viewing by others.

275.   Plaintiffs have been damaged as a result.

276.   Plaintiffs' social media information and image and videos are a private subject matter.

277.   Plaintiffs had a right to keep all such information private.

278.   The failures of the University were unreasonable.

279.   Plaintiffs have incurred significant monetary and nonmonetary damages as a result of Defendants' actions and request the appropriate damages.

## COUNT XI -- NEGLIGENT ENTRUSTMENT

280.   Plaintiffs incorporate the allegations set forth above by reference with the same force and effect as if fully repeated.

281.   Plaintiffs entrusted the Regents, the University, and Keffer with her private information, social media, images, and videos.

282.   The Non-Individual Defendants are liable at law to Plaintiffs and the Class if they permit the handling and use of Plaintiffs' private personal information and the private and personal information of the Class to be held and handled in a manner that will cause harm to the Plaintiffs, the Class Members, or others, such as family members of the Class Member or the Plaintiffs.

283.   The Non-Individual Defendants knew of the sensitivity of the information they were handling and relied heavily on their own methods and procedures for so handling the information and using the information.

284.   It was a breach of a reasonable standard for the Non-Individual Defendants to not handle and use the personal and private information of the Plaintiffs with more care, attention, and sensitivity so as to safeguard and protect from instruction by Weiss.

285.   The Regents, the University, and Keffer accepted Plaintiffs' entrustment, profited from the parties' relationship, and failed to safeguard Plaintiffs' private information, social media, images, and videos despite the entrustment to them.

286.   The Regents, the University, and Keffer had a heightened duty to keep Plaintiffs' personal social media files, videos, and other images were electronic communications private.

287.   The Regents failed in that duty.

288.   The University failed in that duty.

289.   Keffer failed in that duty.

290.   Plaintiffs' information was accessed by Weiss.

291.   The Non-Individual Defendants failed to seriously or reasonably consider how to safeguard Plaintiffs' information and the information of other Class Members.

292.   The Non-Individual Defendants failed to carry out their heightened duty to take actions to safeguard and ensure the privacy of Plaintiffs' personal and private information.

293.   The Non-Individual Defendants each breached their duties by failing to undertake any expected maintenance, protection, monitoring, and supervision to confirm Plaintiffs' personal and private information was safe.

294.   But for the Non-Individual Defendants' negligent entrustment, Plaintiffs would not have been damaged.

295.   Plaintiffs' social media information and image and videos are a private subject matter.

296.   Plaintiffs had a right to keep all such information private.

297.   Plaintiffs have incurred significant monetary and nonmonetary damages as a result of Defendants' actions and request the appropriate damages.

## COUNT XII – NEGLIGENT RETENTION

298.   Plaintiffs incorporate the allegations set forth above by reference with the same force and effect as if fully repeated.

47

299.   Plaintiffs' personal social media files, videos, and other images were private.

300.   The University has had a history of athletic department invasions and assaults on the privacy of student athletes.

301.   The University had a duty to retain Weiss only if he would not continue that unfortunate history.

302.   The University had an obligation to retain Keffer only if it would safeguard Plaintiffs' private information.

303.   The University was warned historically about threats from outside vendors to invade the privacy of student athletes.

304.   The University was warned historically about the threats from personnel of the leaders of the athletic department that trainers can be threats to the invasion of the privacy of student athletes.

305.   Despite those warnings, and the experiences of the University and the Regents historically, the Regents and the University hired and retained Weiss and he violated the Plaintiffs' privacy and the privacy of others.

306.   Despite those warnings, and the experiences of the University and the Regents historically, the Regents and the University hired and retained Keffer and it failed to take any reasonable action to safeguard the Plaintiffs' privacy and the privacy of others.

307.   The University failed take any action to ensure that Weiss was working in an ethical manner that did not invade the privacy of Plaintiffs.

308.   The University failed to take any action to ensure that Keffer stored Plaintiffs's personal and private information in a manner that would not be accessed by others.

309.   But for the failures to retain Weiss and Keffer in a prudent and safe manner, Plaintiffs would not have been harmed.

310.   Plaintiffs had a right to keep all her information private.

311.   The lack of review or any legitimate historical basis to retain Keffer and Weiss was objectively unreasonable.

312.   Plaintiffs have incurred significant monetary and nonmonetary damages as a result of Defendants' actions and request the appropriate damages.

## COUNT XIII – TRESPASS TO CHATTELS

313.   Plaintiffs incorporate the allegations set forth above by reference with the same force and effect as if fully repeated.

314.   By accessing Plaintiffs' personal and private information without authorization, Weiss and the University intentionally and harmfully interfered with, and wrongfully exercised dominion or control over, Plaintiffs' private and personal information, images, videos, and social media.

315.   The aforementioned accessing, dominion, and conrol was willful and malicious.

316.   Plaintiffs and the Class have incurred significant monetary and nonmonetary damages as a result of Weiss's and the University's intentional and harmful interference with, and wrongful exercise of dominion or control over, Plaintiffs' private and personal information.

317.   Plaintiffs are entitled to exemplary damages as a result of these intentional and harmful act and interference with, and wrongful exercise of control over, their property.

## COUNT XIV – COMMON LAW CONVERSION

318.   Plaintiffs incorporate the allegations set forth above by reference with the same force and effect as if fully repeated.

319.   By accessing Plaintiffs's personal and private information, Weiss and the University wrongfully exercised dominion or control over Plaintiffs's property, social media, images, videos, and related media, and that access was in denial of, or inconsistent with, Plaintiffs' rights therein.

320.   The aforementioned exercise of dominion or control was willful and malicious.

321.   Plaintiffs have incurred significant monetary and nonmonetary damages as a result of these Defendants wrongfully exercising dominion or control

over Plaintiffs' personal and private information all of which was in denial of, or inconsistent with, Plaintiffs' rights therein.

322.   Plaintiffs are entitled to exemplary damages as a result of these Weiss and the University wrongfully exercising dominion or control over Plaintiffs' property, in denial of, or inconsistent with, Plaintiffs' rights therein.

## COUNT XV – VIOLATIONS OF MCL § 600.2919a

323.   Plaintiffs incorporate the allegations set forth above by reference with the same force and effect as if fully repeated.

324.   MCL § 600.2919a provides:

(1) A person damaged as a result of either or both of the following may recover 3 times the amount of actual damages sustained, plus costs and reasonable attorney fees:

(a) Another person's stealing or embezzling property or converting property to the other person's own use.

(b) Another person's buying, receiving, possessing, concealing, or aiding in the concealment of stolen, embezzled, or converted property when the person buying, receiving, possessing, concealing, or aiding in the concealment of stolen, embezzled, or converted property knew that the property was stolen, embezzled, or converted.

(2) The remedy provided by this section is in addition to any other right or remedy the person may have at law or otherwise.

325.   Plaintiffs were damaged as a result of the University and Weiss possessing, concealing, aiding the concealment of, stealing, and/or embezzling Plaintiffs' private and personal information and converting that information, those videos, and those images to those Defendants' own use by using that information for their own purposes.

326.   Under MCL § 600.2919a, Plaintiffs are entitled to 3 times actual damages, plus costs and reasonable attorney fees.

WHEREFORE, Plaintiffs request that the Court enter a judgment encompassing the relief requested above, plus significant compensatory damages exceeding $100,000,000.00 together with costs, interest and attorney fees, against Defendants, and such other relief to which they are entitled

Date: March 21, 2025

Respectfully Submitted,
By: _s/*Parker Stinar*_____
Parker Stinar
Mike Grieco (Pro Hac Vice Forthcoming)
**STINAR GOULD GRIECO & HENSLEY, PLLC**
101 N. Wacker Dr., Floor M, Suite 100
Chicago, Illinois 60606
T: (312) 728-7444
parker@sgghlaw.com

*Counsel for Plaintiffs*

52

60453048.2