UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JANE DOE 1, and JANE DOE 2,<br>    Plaintiffs,<br><br>vs.<br><br>MATTHEW WEISS; the REGENTS OF THE UNIVERSITY OF MICHIGAN; the UNIVERSITY OF MICHIGAN; KEFFER DEVELOPMENT SERVICES, LLC,<br><br>    Defendants. | Case No. 2:25-CV-10806<br>Hon. Mark A. Goldsmith |

---

### PLAINTIFFS' MOTION TO MAINTAIN PSEUDONYMS UNTIL FURTHER ORDER OF THE COURT

---

Plaintiffs, JANE DOE 1 and JANE DOE 2 ("Plaintiffs"), for their Motion to Maintain Pseudonyms Until Further Order of the Court under Rule 5.2, state:

 1. Plaintiffs Jane Doe 1 and Joe Doe 2 filed this case on Friday March 21, 2025. ECF No. 1.

 2. Plaintiff Jane Doe 1 was a student athlete at the University of Michigan between 2017 and 2018 and was a member of the Michigan Women's Gymnastics team. ECF No. 1 at paragraph 1.

1

3. Plaintiff Jane Doe 2 was a student athlete at the University of Michigan between 2017 and 2023 and was a member of the Michigan Women's Soccer team. ECF No. 1 at paragraph 3.

4. In this Circuit, a plaintiff may only proceed under a pseudonym by filing a motion for a protective order. *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004); *Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 636 (6th Cir. 2005).

5. "As a general matter, a complaint must state the names of all parties," but a court "may excuse plaintiffs from identifying themselves in certain circumstances." *Porter*, 370 F.3d at 560.

6. Several considerations determine whether a plaintiff's privacy interests substantially outweigh the presumption of open judicial proceedings. They include: (1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information "of the utmost intimacy"; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children. *Id.* (quoting *Doe v. Stegall*, 653 F.2d 180, 185–86 (5th Cir. 1981)).

7. Here, the Complaint contains allegations of invasion of privacy (ECF No. 1, at paragraphs 38, 45, 54, 124–126, 139, 189–198, among other paragraphs including similar allegations) and includes claims against governmental activity

(ECF No. 1 at paragraphs 16, 19, 20–24, 28, 31, 32, 36, 37, 50, 51, 159–169, 171–179, 181–187, 189–198, among paragraphs also including similar allegations).

8. The invasion of privacy allegations include assertions of access to intimate information including images. ECF No. at paragraphs 23, 24, 25, 30, 35, 42, 43, 44, 56, among others.

9. The Complaint does not risk criminal prosecution of the Plaintiffs.

10. The Plaintiffs are also not minors.

11. A straightforward application of the factors and the nature of the case overall suggests this Motion should be granted.

12. The first and second *Porter* factors are satisfied on their face. Plaintiffs' privacy at this early stage especially is an overwhelming consideration. Admittedly, the third factor is not met. Likewise, while the fourth factor is not met on its face, the main import of the rule is satisfied: the Plaintiffs were young student athletes, whose allegations include governmental misuse of information that is intimate in nature and was entrusted in confidence to a public institution.

13. Plaintiffs are still vulnerable.

14. Particularly at this stage of the litigation, Plaintiffs should be able to maintain their anonymity to protect against attempts by the media to contact them or otherwise from being solicited for comment, or from distracting that the focus of this matter should be on the merits.

15. There is also risk of unnecessary additional injury to Plaintiffs if their identities are disclosed. It is not necessary to retraumatize them.

16. Plaintiffs do not oppose disclosing their identity to Defendants at the appropriate time.

17. Plaintiffs respect the due process rights of Defendants and intend to cooperate with Defendants to disclose the identities at the appropriate time without impeding Defendants' litigation and due process rights.

18. On the whole, the factors weigh in favor of maintaining anonymity at this time.

WHEREFORE, Plaintiffs request that the Court authorize the maintenance of this action with Plaintiffs designated as "Jane Doe 1" and "Jane Doe 2" at least until further Order of the Court.

Date: March 24, 2025

Respectfully Submitted,

By:   s/*Parker Stinar*
Parker Stinar
Mike Grieco (Pro Hac Vice Forthcoming)
**STINAR GOULD GRIECO & HENSLEY, PLLC**
101 N. Wacker Dr., Floor M,
Suite 100
Chicago, Illinois 60606
T: (312) 728-7444
parker@sgghlaw.com

*Counsel for Plaintiffs*

4

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JANE DOE 1, and JANE DOE 2,<br>    Plaintiffs,<br>vs.<br><br>MATTHEW WEISS; the REGENTS OF THE UNIVERSITY OF MICHIGAN; the UNIVERSITY OF MICHIGAN; KEFFER DEVELOPMENT SERVICES, LLC,<br><br>    Defendants. | Case No. 2:25-CV-10806<br>Hon. Mark A. Goldsmith |

**BRIEF IN SUPPORT OF PLAINTIFFS' MOTION TO MAINTAIN PSEUDONYMS UNTIL FURTHER ORDER OF THE COURT**

5

## STATEMENT OF ISSUE PRESENTED

I. Should Plaintiffs' identities remain confidential at this time?

Plaintiffs answer: "Yes."

60453048.2

## CONTROLLING OR MOST APPROPRIATE AUTHORITIES

*Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004)

*Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 636 (6th Cir. 2005).

60453048.2

Plaintiffs, JANE DOE 1 and JANE DOE 2 ("Plaintiffs"), for their Brief in Support of their Motion to Maintain Pseudonyms Until Further Order of the Court under Rule 5.2, rely on the facts, authorities, and analysis in the accompanying Motion.

Respectfully Submitted,

By:  s/*Parker Stinar*
Parker Stinar
Mike Grieco (Pro Hac Vice Forthcoming)
**STINAR GOULD GRIECO & HENSLEY, PLLC**
101 N. Wacker Dr., Floor M, Suite 100
Chicago, Illinois 60606
T: (312) 728-7444
parker@sgghlaw.com

*Counsel for Plaintiffs*

60453048.2