# EXHIBIT C

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JANE DOE 1, and JANE DOE 2,<br>　　　　　Plaintiffs,<br>vs.<br><br>MATTHEW WEISS; the REGENTS OF THE UNIVERSITY OF MICHIGAN; the UNIVERSITY OF MICHIGAN; KEFFER DEVELOPMENT SERVICES, LLC,<br><br>　　　　　Defendants. | Case No. 25-CV-10806<br>Hon. Mark A. Goldsmith<br>Mag. David R. Grand |

**DOCUMENT REQUESTS AND INTERROGATORIES TO KEFFER DATED APRIL 8, 2025**

Plaintiffs, Jane Doe 1 and Jane Doe 2 ("Plaintiffs"), in Case No. 25-CV-10806 (the "First Case"), serve on Keffer Development Services, LLC ("Keffer") these first document requests dated April 8, 2025 under Rule 34 of the Federal Rules of Civil Procedure. Plaintiffs also serve on Keffer these first interrogatories under Rule 33 of the Federal Rules of Civil Procedure. For the document requests, Plaintiffs request that Keffer respond to the below document requests and produce responsive documents and information. Plaintiffs also request Keffer answer separately and fully, under oath, the below written interrogatories.

0

# INSTRUCTIONS

1. If any request cannot be fully answered, it should be answered to the extent reasonably possible and an explanation provided as to why a full answer is not possible.

2. Whenever a request is stated in the conjunctive, it shall also be taken in the disjunctive, and vice versa.

3. Whenever a request is stated in the singular, it shall also be taken in the plural, and vice versa.

4. For each request (or portion thereof) for which a claim of privilege is asserted, in compliance with Rule 26(b)(5), please provide a statement of the specific privilege claimed, the basis upon which such privilege is claimed, and a description of the information withheld in a manner that will enable Plaintiffs to assess the claim.

5. Where a request seeks documents not within Keffer's actual or constructive knowledge, please so state and state the extent of Keffer's knowledge or belief based on the best information presently available. Where Keffer has knowledge or a belief as to other persons having such knowledge, please identify, to the extent known and based on the best information presently available, all such persons, together with a brief summary of the nature of the information believed to be known to such persons.

6.  In the event that Keffer acquires responsive documents subsequent to the date when the responses to these requests are signed, please supplement or amend the response to the extent required by Rule 26.

7.  Pursuant to FED. R. CIV. P. 34(b)(1)(C), responsive electronically stored information and scanned hard copy documents (collectively "ESI") should be produced. Plaintiffs request the form of production as detailed in Attachment A, with natives available as needed or upon request.

## **DEFINITIONS**

The following definitions are applicable to terms employed in these requests:

1.  "Keffer", "Defendant", "You" or "Your" means Defendant Keffer Development Services, LLC ("Keffer"), whether under its current or any prior name, collectively with its present and former parents, subsidiaries, affiliates, joint venturers, predecessors, agents, servants, officers, directors, employees, representatives, accountants, attorneys, consultants, and persons and entities acting under their control or purporting to act on their behalf.

2.  "Plaintiffs" or "Plaintiff" means Plaintiffs to this case, or others that Keffer believes may have victimized by Weiss, collectively with Plaintiffs' agents, servants, representatives, and/or attorneys.

3.  The term "document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored

2

information" in FED. R. CIV. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

4. "Relating to," "referring to," "regarding," "concerning" or any derivative thereof, in addition to their customary and usual meanings, shall mean analyzing, comprising, concerning, constituting, containing, criticizing, describing, discussing, embodying, estimating, evaluating, evidencing, identifying, illustrating, incorporating, monitoring, bearing upon, reflecting, mentioning, showing, studying, surveying, representing, pertaining to, projecting, assessing, recording, stating, supporting, negating, refuting, touching upon, dealing with, commenting on, summarizing, or otherwise involving, in whole or in part.

5. The Regents of the University of Michigan is defined by the term "Regents".

6. The University of Michigan is defined by the term "University".

7. Matthew Weiss is defined by the term "Weiss".

## INTERROGATORIES

### INTERROGATORY NO. 1

Please identify by name which of Keffer's employees, agents, or representatives interacted with the University, Weiss, or the Regents and please briefly describe the nature of each such individual's job duties.

**Response**:

**INTERROGATORY NO. 2**

Please describe and summarize the information Keffer or any of its employees, agents, representatives, affiliates, or owners have about Weiss's unauthorized access to Plaintiffs' images, videos, and information.

**Response**:

**INTERROGATORY NO. 3**

Please describe and summarize the computer functions Weiss performed to access Plaintiffs' images, videos, and information, including, but not limited to, access to internal and external servers.

**Response**:

**DOCUMENT REQUESTS**

**REQUEST NO. 1**

Please produce any agreements Keffer or any of its affiliates has or had with the University, the Regents, or Weiss.

**Response**:

**REQUEST NO. 2**

Please produce documents and information Keffer has relating to the pending criminal charges against Matthew Weiss.

**Response**:

**REQUEST NO. 3**

Please produce documents and information that tend(s) to evidence unauthorized access to Plaintiffs' images, videos, and information, including such access by Weiss, the University, the Regents, or Keffer, including, but not limited to, logs of any systems, servers, or applications that Weiss accessed.

**Response**:

**REQUEST NO. 4**

Please produce documents or information that identify Plaintiffs' online accounts.

**Response**:

Date: April 8, 2025            Respectfully Submitted,

                               By:  s/*Parker Stinar*
                                    Parker Stinar
                                    **STINAR GOULD GRIECO &
                                    HENSLEY, PLLC**
                                    101 N. Wacker Dr., Floor M,  Suite 100

5

        Chicago, Illinois 60606
        T: (312) 728-7444
        parker@sgghlaw.com

By:  s/*Patrick Lannen*
        Patrick Lannen
        Erik Johnson
        550W. Merrill Street, Suite 249
        Birmingham, Michigan 48009
        patrick@sgghlaw.com
        269-370-1746
        erik@sgghlaw.com
        951-640-1080

*Counsel for Plaintiffs*

# ATTACHMENT A

I. <u>Format of Files for Production</u>

Documents will be produced as they are kept in the normal course of business. Responsive data and documents, stored ESI, and Digitized Paper Documents should be produced in an electronic format, by secure file transfer, on an optical disc, or on an electronic storage device such as a hard drive, as follows:

    A. <u>Digitized Paper Documents</u>

        1. Documents originally in paper/physical form will be digitized into single-page, group IV (G4) format, black and white TIFF files at 300 dots per inch (dpi); unless color is necessary to understand the document, for example, red-line documents, images, charts, and PowerPoint presentations, which will be produced as JPG images;

        2. If a document was not produced in color and a Plaintiff deems color necessary to understand the document, they may request a color image or native form of that document. JPG format may be used for pages that require production of color images.

        3. Every filename will match the document's Bates number, and be zero padded with no blank spaces, i.e., D000000001;

        4. Defendants will include with each production delivery an archival image link file as agreed (i.e., an Opticon (.OPT) file or similar);

        5. Defendants will include standard Concordance default delimited text files as agreed in .DAT or similar format, and will include all available fielding data, including but not limited to beginning and ending Bates numbers, beginning

and ending attachment numbers, and number of pages except where otherwise agreed;

6. Defendants will apply Optical Character Recognition (OCR) software to all applicable documents and create OCR-searchable files in .TXT format for each page digitized as in (i) above; filenames for .TXT files will synchronize with/be identical to the filename for the corresponding TIFF file (see [i] above). Delivery TIFF files will be accompanied by the corresponding full text .TXT files;

7. In scanning paper documents, distinct documents should not be merged into a single record, and single documents should not be split into multiple records (i.e., paper documents should be logically unitized). Defendants will make their best efforts to have their vendors unitize documents correctly and will commit to address situations where there are improperly unitized documents;

8. The relationship among the documents in a folder or other grouping should be reflected in the coding of the beginning and ending document and attachment fields;

9. Where a document, or a group – such as a folder, clipped bundle, or binder – has an identification spine or other label, the information on the label shall be scanned and produced as a first page of the document or grouping;

10. Any redacted, privileged material will be clearly labeled to show the redactions on the TIFF image. (See Section II for further instructions on Redactions).

B. <u>Documents Originating Electronically</u>

1. Standard electronic documents, emails, will be produced as TIFF images in the manner described above in (a) (i); however, all attachments, addenda, enclosures, and/or exhibits to a parent documents will be produced and identified as they relate to the respective parent document.

2. Digital documents will be produced with corresponding .TXT files as outlined above in section (a), as well as extracted metadata fields (where available), as agreed and set forth in the Metadata Table contained in the endnote below;[1]

3. Extracted text, as opposed to OCR text, delivered with production and formatted in .TXT file as above with OCR text files;

4. Files that do not lend themselves to TIFF file format must be produced in native format and named with a unique file name matching the Bates number of the corresponding slip-sheet that will be included as a placeholder in the imaged TIFF format files (e.g., "ABC00001.xls);

   a. <u>Native Format.</u> The following file formats will be produced as native files with TIFF placeholder images: All spreadsheet (e.g., Microsoft Excel, Corel Quattro, etc.); all photographs (e.g., .jpg, .gif); all media files, such as audio and video files; all presentations (e.g., Microsoft PowerPoint); Microsoft Access files; and any other documents that cannot reasonably be reduced to images. Defendants will provide native files, named according to ProdBegDoc, in a separate folder and provide the path to the native file in the DocLink field of the .DAT file.

---

[1] Pursuant to Provision 1 (B) (i) above, the Metadata Table annexed as Exhibit A.

        Documents produced in native file format shall be produced in the manner such files were maintained electronically in the ordinary course of business. A placeholder TIFF shall be produced indicating the Bates number of the native file and confidentiality designation, if applicable;

b. <u>Spreadsheets</u>. All spreadsheets will be produced in native format and order of storage in native, ordinary course of business manner. For instance, emails with attached spreadsheets will be identified and linked per ATTACH_RANGE field above. To avoid unnecessary duplications, placeholder TIFF files will be produced to preserve the native location of files; placeholder will identify the document by associated Bates number, the original file name, and state that the document was natively produced. Available metadata and text will be produced in the same manner as other documents;

c. ESI items shall be processed, to the extent practicable, in a manner that preserves hidden columns or rows, hidden text, worksheets, speaker notes, tracked changes, and comments.

d. <u>Emails and Attachments</u>. If any original Email or ESI has attachments, the Defendants will produce copies of that ESI with the attachments unless privileged. If any e-mail is responsive to a discovery request, all attachments to that e-mail shall be deemed responsive to that request. Likewise, if any attachment to an e-mail is responsive to a discovery request, all portions of the parent e-mail and other attachments to that e-mail shall be deemed responsive to that request. If a responsive e-mail

4

or related attachment is not discoverable because of Privilege, the Defendants shall produce a log, treating each withheld document separately.

e. <u>Family Production</u>: Defendants shall produce documents and e-mail communications as family complete. Defendants shall not take steps to dissociate attachments to e-mails or other documents from parent e-mails or documents even if the attachments are exact duplicates of other documents in the production. Parent documents and any attachments shall be assigned sequential Bates numbers to the extent practical. If a responsive, non-privileged e-mail or document has a privileged attachment, Defendants may replace the attachment with a Bates-numbered slip-sheet indicating that the attachment was withheld on privilege grounds or may redact the privileged material. Documents shall not be withheld or redacted for non-responsiveness if the document or its family contains responsive information.

f. <u>Databases, Structured, Aggregated or Application Data</u>. The Parties will meet and confer to address production and production format of any responsive data contained in a database or other structured or aggregated data source or otherwise maintained by an application. Defendants will produce, upon request, documents or databases in native format if produced in TIFF or other static format (PDF, etc.) if inadequate in the form produced. Defendants will provide native files with delimited TXT

      file containing BEGPROD, ENDPROD, ATTACH_RANGE, Path to Native File, and MD5/Hash value.

    g. <u>Mobile and Handheld Device Documents and Data</u>. To the extent that any unique responsive ESI is stored on mobile or handheld device within the care, custody or control of Defendants, the Defendants shall use best efforts to collect and produce such ESI in conformity with the terms of this protocol.

II.     <u>Privilege Log and Redactions</u>

Where requested documents contain responsive information together with privileged or protected information and the privileged or protected information can be redacted, while preserving for production the responsive information, Defendants shall apply such redactions and produce the requested documents as follows:

  A.   <u>Privilege Log</u>

    1.   To the extent applicable, Defendants' privilege log should provide the information identified in Exhibit B hereto, unless agreed otherwise in writing or pursuant to an order of Court or another tribunal.

    2.   Redactions shall be clearly indicated on the face of the document, with each redacted portion of the document stating that it has been redacted and the basis for the redactions, and a metadata field shall indicate that the document contains redactions and the basis for the redaction (e.g. "A/C Privilege");

    3.   Where a responsive document contains both redacted and non-redacted content, the Defendants shall produce the remainder of the non-redacted portions of the document and the text/OCR corresponding to the non-redacted portions;

      a.      All ESI or Digitized Paper Documents that require redaction shall first be processed to show and reveal all color, comments, revision marks, speaker notes, or other user-entered data which are visible in any view of the document in its native application, all of which shall be evident in the generated TIFF image(s). Where reasonably possible, any occurrences of date/time auto-field items, including in headers and footers, will be removed, and replaced with the term AUTODATE to prevent the current date from being printed. Email header information (e.g. date, subject line, etc.) should not be redacted unless it is independently privileged. The production of a document in a redacted form does not affect Defendants' obligation to timely assert and substantiate the assertion of privilege over the content in a privilege log. The Defendants shall honor reasonable requests for the production of particular redacted documents in other formats where the TIFF image is not reasonably usable. Redacted versions of documents that contained color in their un-redacted form shall be produced in color in JPG format.

III.     <u>Deduplication (Global)</u>

Defendants will endeavor to deduplicate ESI. Documents will be deduplicated as against the entire population for all custodians and deduplicated custodians.

EXHIBIT A

Metadata Table

| Field Name | Description |
|---|---|
| **BEGDOC** | Auto-generated number assigned to first page of document |
| **ENDDOC** | Auto-generated number assigned to last page of document |
| **BEGATTACH** | Auto-generated number assigned to first page of the parent document in a family |
| **ENDATTACH** | Auto-generated number assigned to last page of an attachment in a document family |
| **PARENT_ID** | The beginning DOCID for a parent document |
| **ATTACH_IDS** | The beginning DOCID for all attachments |
| **ATTCOUNT** | The number of attachments to an email |
| **DOC_TYPE** | The type of file from the header (e.g., Microsoft Outlook, Excel, Word, etc.) |
| **PAGECOUNT** | The number of pages of each individual document |
| **FROM** | Name of the sender of an email from the "From" field in Outlook |
| **TO** | Recipients of an email from the "To" field in Outlook |
| **CC** | Name of persons to whom a copy of an email was sent |
| **BCC** | The name of any person blind copied on an email |
| **SUBJECT** | The text in the "Subject" line or "Re" line of an email or application file |
| **ALL CUSTODIAN** | Global Custodian - Listing of all custodians with duplicate file - based on specific dedupe set |
| **AUTHOR** | The name of the author or the creator of an application file from the "Author" field |
| **DATE_SENT** | The date on which an email was sent |
| **DATE_RCVD** | The date on which an email was received |
| **DATE_LASTMOD** | The date on which an email or application file was last modified |

| | |
|---|---|
| **DATE_CREATED** | The date an email or application file was created |
| **TIME_CREATED** | The time at which an email or application file was created |
| **TIME_SENT** | The time at which an email was sent |
| **TIME_RCVD** | The time at which an email was received |
| **TITLE** | The text in the "Title" field of an application file |
| **LAST_AUTHOR** | The name in the "last author" field for an application file |
| **LAST_SAVED** | The date in the "last saved" field for an application file |
| **LAST_PRINTED** | The date in the "last printed" field for an application file |
| **APPLICATION** | The name of the application that generated the native file |
| **REDACTED** | "Yes," and "True" are both acceptable indicators that the document is redacted. Otherwise, blank. |
| **REDACTED REASON** | Explanation for Redaction. Text |
| **CONFIDENTIAL** | Confidential Designation. Text |
| **FILEEXT** | The file name extension for each email, attachment or application file |
| **ALL FILENAME** | Global File Name - Listing of all file names with duplicate file - based on specific dedupe set |
| **ALL FILE PATH** | The full file, folder, or directory structure from which the document was collected, including the file path for any deduplicated document. |
| **FILESIZE** | The size of a document in bytes |
| **SOURCEFOLDER** | The full path information for email, attachments and application files beginning with the original source folder name |
| **HASHVALUE** | The MD5 or SHA Hash value or "de-duplication key" assigned to a Document. |
| **NATIVE_FILE** | Relative path to any files produced in native format |
| **TEXTLINK** (if text is exchanged) | Relative path to any OCR/extracted text files in the production set |

**Exhibit B**

Defendants shall provide the following information, where available, for any document withheld on the grounds of privilege or protection from disclosure and for any document produced with redactions, to the extent that providing such information would not reveal any privileged or protected information:

| Preferred Field Name | Description | Example |
|---|---|---|
| Privilege Number | A unique identifier for each withheld document | PRIV0000001 |
| Parent/Child | Identifying whether a document is the parent document or child document in a family | Parent, Child |
| ProdBegDoc | Start Bates number for redacted documents, if necessary to be logged. | ABC0000 |
| EndAtt ID or ProdEndAtt | End identifier value of last attachment. Bates number for redacted documents, if required to be logged. | ABC0503 |
| DocType | The file type determined by the file signature (Excel, Word, etc.). | Microsoft Office Word |
| Author/From | Who drafted or sent the document or message, as appropriate. | Doe, Jane |
| TO | Email TO recipients. Or those whose received the document, as appropriate. | Mary Smith; Tjones |
| FROM | Email sender (author). | Doe, John |
| CC | Email CC recipients. | Some User |
| BCC | Email BCC recipients. | Johnson, M. |
| Date | The date and time the file was created, or if an email the date | 4/1/2003 8:12:32 AM |

|  | and time the email was received by the custodian. |  |
|---|---|---|
| EmailSubject | Subject line extracted from an email message | Re: Meeting Minutes |
| Title | Title field extracted from the metadata of a non-email document | Meeting Minutes |
| Filename | File name — Original name of file as appeared in original location | Meeting Minutes |
| Custodian | The Custodian associated with the item. | Doe, John |
| Other Custodians | All custodians who retained a duplicative copy of the file in their ESI files, to the extent available. | Doe, John; Doe, Jane; Smith, Mary |
| Privilege / Protection Type | Basis for withholding or redacting document. | Attorney-Client Privilege, Attorney Work Product |
| Privilege / Protection Description | Brief explanation of basis for withholding or redacting document with enough information for Requesting Party to assess claimed basis. This description will include the name of any Attorney included in the communication. | E-mail communication reflecting legal advice provided by in-house counsel on intellectual property matter. Counsel on this communication is John Smith. |

11