## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| JANE DOE 1, and JANE DOE 2, on behalf of themselves and all others similarly situated, | Case No. 25-CV-10806<br>Hon. Mark A. Goldsmith<br>Mag. Elizabeth A. Stafford |
| Plaintiffs,<br><br>vs.<br><br>MATTHEW WEISS; the REGENTS OF the UNIVERSITY OF MICHIGAN; the UNIVERSITY OF MICHIGAN; KEFFER DEVELOPMENT SERVICES, LLC, | **MAJORITY PLAINTIFFS' AMENDED MOTION TO CONSOLIDATE CASES AND APPOINT INTERIM CO-LEAD COUNSEL** |
| Defendants. | |
| JANE DOE 1-40 AND MCKENZIE JOHNSON, | Case No. 25-CV-10855<br>Hon. Mark A. Goldsmith<br>Mag. Elizabeth A. Stafford |
| Plaintiffs,<br><br>vs.<br><br>MATTHEW WEISS; the UNIVERSITY OF MICHIGAN BOARD OF REGENTS; the UNIVERSITY OF MICHIGAN; KEFFER DEVELOPMENT SERVICES, LLC, | |
| Defendants. | |

1

JANE ROE CLF 001,

               Plaintiff,

vs.

MATTHEW WEISS; the UNIVERSITY
OF MICHIGAN; the REGENTS OF
THE UNIVERSITY OF MICHIGAN;
KEFFER DEVELOPMENT SERVICES,
LLC,

               Defendants.

Case No. 25-CV-10870
Hon. Mark A. Goldsmith
Mag. Elizabeth A. Stafford

---

JANE DOE,

               Plaintiff,

vs.

the UNIVERSITY OF MICHIGAN
BOARD OF REGENTS; KEFFER
DEVELOPMENT SERVICES, LLC;
MATTHEW WEISS,

               Defendants.

Case No. 25-CV-10876
Hon. Mark A. Goldsmith
Mag. Elizabeth A. Stafford

---

JANE DOE 1-11,

               Plaintiffs,

vs.

the REGENTS OF THE UNIVERSITY
OF MICHIGAN; the UNIVERSITY OF
MICHIGAN; KEFFER
DEVELOPMENT, LLC; MATTHEW
WEISS,

               Defendants.

Case No. 25-CV-10946
Hon. Mark A. Goldsmith
Mag. Elizabeth A. Stafford

2

| | |
|---|---|
| JANE DOE, on behalf of herself and others similarly situated,<br><br>          Plaintiff,<br><br>vs.<br><br>the BOARD OF REGENTS OF THE UNIVERSITY OF MICHIGAN; KEFFER DEVELOPMENT SERVICES, LLC; MATTHEW WEISS,<br><br>          Defendants. | Case No. 25-CV-10951<br>Hon. Mark A. Goldsmith<br>Mag. Elizabeth A. Stafford |
| JANE DOE 1-3,<br><br>          Plaintiffs,<br><br>vs.<br><br>MATTHEW WEISS; the REGENTS OF THE UNIVERSITY OF MICHIGAN; the UNIVERSITY OF MICHIGAN; KEFFER DEVELOPMENT SERVICES, LLC,<br><br>          Defendants. | Case No. 25-CV-10988<br>Hon. Mark A. Goldsmith<br>Mag. Elizabeth A. Stafford |
| STUDENT DOE, on behalf of herself and all others similarly situated,<br><br>          Plaintiff,<br><br>vs.<br><br>MATTHEW WEISS; the REGENTS OF THE UNIVERSITY OF MICHIGAN BOARD; the UNIVERSITY OF | Case No. 25-CV-10999<br>Hon. Mark A. Goldsmith<br>Mag. Elizabeth A. Stafford |

3

MICHIGAN; KEFFER
DEVELOPMENT SERVICES, LLC,
and MATTHEW WEISS,

                       Defendants.

## MAJORITY PLAINTIFFS' *AMENDED* MOTION TO CONSOLIDATE CASES AND APPOINT INTERIM CO-LEAD COUNSEL

This motion amends and replaces the Motion to Consolidate and Appoint Parker Stinar as Lead Counsel, previously filed on April 16, 2025 (ECF No. 19).

There are now eight separate lawsuits—this one (the "First-Filed Action"), and seven others captioned above (collectively, the "Related Cases")—that have been filed in this District related to the University of Michigan data breach by former assistant football coach Defendant Matthew Weiss. It is virtually certain that more cases will follow. Meanwhile, piecemeal efforts at record preservation and breach notification are already underway. Given the vastness and complexity of this litigation, Plaintiffs respectfully amend their prior motion and move the Court for an order consolidating the Related Cases pursuant to Federal Rule of Civil Procedure 42(a)(2) and E.D. Mich. LR 42.1, and for the appointment of interim co-lead class counsel pursuant to Federal Rule of Civil Procedure 23(g)(3). Specifically, Plaintiffs request that the court appoint Parker G. Stinar of Stinar, Gould, Grieco, & Hensley, P.L.L.C. ("SGGH"), James Pizzirusso of Hausfeld LLP ("Hausfeld"), and J. Gerard Stranch, IV of Stranch, Jennings & Garvey, PLLC ("SJG") as "Interim Co-Lead

Counsel." Plaintiffs further request that the Court establish an "Executive Committee" comprised of the following five attorneys: Gary Klinger of Milberg PLLC; Raina Borrelli of Strauss Borrelli PLLC; Aimee W. Wagstaff of Wagstaff Law Firm; David L. Selby, II of Bailey Glasser, LLP; and Patrick Lannen of SGGH; and Plaintiffs also request the appointment of Nathan Fink of Fink Bressack PLLC as liaison counsel ("Liaison Counsel").[1] Consolidation and appointment of an Interim Co-Lead Counsel will advance this litigation in an organized and efficient manner.[2]

To date, seven putative class actions and one non-class action case have been filed in this district against Defendants Matthew Weiss ("Weiss"), the Regents of the University of Michigan ("Regents"), the University of Michigan ("University"), and Keffer Development Services, LLC ("Keffer") concerning a data breach spanning almost a decade that includes unauthorized capture of a large volume of personally identifiable information and medical data of more than 150,000 students including but not limited to University students. The complaints in each of these Related Cases allege that Defendants (aside from Weiss) failed to adequately

---

[1] Interim Co-Lead Counsel and the Executive Committee shall be collectively referred to from this point forward in this Motion as "Interim Class Counsel."

[2] Notably, proposed Interim Co-Lead Counsel are supported by four of the eight cases on file in the district, including four of the seven putative class actions, including from Case Nos. 10806, 10876, 10951, 10999. Collectively, they represent dozens of clients that have been harmed by the invasions at issue.

safeguard sensitive personal and identifying information of Plaintiffs and putative

class members ("Class Members"), and they assert various overlapping and/or

similar claims. The Related Cases, and the dates on which they were filed, are:

- *Jane Doe 1 and Jane Doe 2 v. Weiss, et al.*, Case No. 25-cv-10806 (the First-Filed Action), filed March 21, 2025, and currently pending before the Hon. Mark A. Goldsmith;

- *Jane Doe 1 and Jane Doe 2 v. Weiss, et al.*, Case No. 25-cv-10855, filed March 26, 2025, and currently pending before the Hon. Mark A. Goldsmith;

- *Jane Roe CLF 001 v. Weiss, et al.*, Case No. 25-cv-10870, filed March 27, 2025, and currently pending before the Hon. Mark A. Goldsmith;

- *Jane Doe v. The University of Michigan Board of Regents, et al.*, Case No. 25-cv-10876, filed March 28, 2025, and currently pending before the Hon. Mark A. Goldsmith;

- *Jane Doe 1-11 v. The University of Michigan Board of Regents, et al.*, Case No. 25-cv-10946, filed April 2, 2025, and currently pending before the Hon. Mark A. Goldsmith;

- *Jane Doe v. The University of Michigan Board of Regents, et al.*, Case No. 25-cv-10951, filed April 2, 2025, and currently pending before the Hon. Mark A. Goldsmith;

- *Jane Doe 1-3 v. Weiss, et al*., Case No 25-cv10988, filed April 7, 2025, and currently pending before the Hon. Mark A. Goldsmith;

- *Student Doe v. Board of Regents of the University of Michigan*, Case No. 25-cv-10999, filed April 8, 2025, currently pending before the Hon. Mark A. Goldsmith.

As explained in Plaintiffs' Brief in Support, the Related Cases satisfy the criteria in Rule 42(a)(2) and E.D. Mich. LR 42.1. The complaints in each of the Related Cases raise common questions of law and fact as they arise from the same data breaches and systemic failures to safeguard. These breaches continued for years because the University and Keffer failed to prevent, detect, or stop Weiss from accessing databases without authorization, which permitted him to download the private and sensitive information from more than 150,000 student athletes from over 100 colleges and universities. The Related Cases bring claims on behalf of substantially identical classes and make materially identical allegations that were first made in the First-Filed Action asserting that the University, the Regents, and Keffer failed to adequately safeguard the sensitive and personal information of Plaintiffs and putative Class Members. In such circumstances, courts routinely consolidate overlapping cases, particularly, data breach class actions.

Plaintiffs also move the Court for an order appointing Stinar, Pizzirusso, and Stranch as Interim Co-Lead Counsel along with the proposed Executive Committee and Liaison Counsel (together "Interim Class Counsel"). There is no need to delay the leadership appointment; the Court can and should consolidate the Related Cases and appoint Interim Class Counsel at the same time for efficiency and to formulate and implement a plan for the Related Cases. Plaintiffs respectfully submit that the Court's appointment of Interim Class Counsel pursuant to Rule 23(g)(3) would

promote the orderly and efficient management of the Related Cases and would ensure that prosecution of the cases and any potential settlement is led by counsel that is adequately prepared to represent the interests of the named plaintiffs and the putative class members.

Plaintiffs also respectfully request that the Court set the following schedule (related to the filing of an operative consolidated amended complaint, which will relieve Defendants of the duty to respond to the various initial complaints filed in the Related Cases):

- Defendants are not required to respond to the initial complaints in the eight actions listed above;

- Plaintiffs in what the Court will define as the "Consolidated Action" shall file an operative Consolidated Class Action Complaint within thirty (30) days of entry of an Order consolidating the Related Cases and appointing Interim Co-Lead Counsel, and, should the Court enter order(s) for expedited discovery or compelling Defendants to disclose the nature and scope of any data breach was requested in this First Filed Action, thirty (30) days after Defendants have complied with any such Order;

- Defendants will file a responsive pleading to the Consolidated Complaint within forty-five (45) days;

- If Defendants respond by way of motion, Plaintiffs will have thirty (30) days to oppose such motion(s), and Defendants will have twenty-one (21) days to reply;

- The Parties will confer under Federal Rules of Civil Procedure 16 and 26 within fourteen (14) days after Plaintiffs file the Consolidated Class Action Complaint; and

8

- The Parties will submit a Joint Rule 26(f) Report and make the required initial disclosures pursuant to Federal Rule of Civil Procedure 26(a) within 14 days after conferring under Federal Rules of Civil Procedure 16 and 26.

A Proposed Order consolidating the Related Cases, appointing Interim Co-Lead Counsel, and setting the proposed schedule, is attached as **Exhibit A** and will also be contemporaneously submitted through the ECF Utilities feature for consideration by the Court.

Pursuant to E.D. Mich. LR 7.1(a), undersigned counsel conferred with counsel for plaintiffs in the Related Cases. To date, no plaintiff has objected to consolidation, and more than half of the lawyers in the putative class cases support the leadership structure proposed in this amended motion. Unfortunately, perfect consensus could not be reached around who should serve as Interim Co-Lead Counsel. Undersigned counsel also conferred with counsel for Defendants; Defendants agree that consolidation of the Related Case is appropriate but took no final position as to the appointment of Interim Co-Lead Counsel.

WHEREFORE, Plaintiffs respectfully request that this Court enter an Order, substantially in the form attached as **Exhibit A**, and (i) consolidate the Related Cases, (ii) appoint proposed Interim Class Counsel, and (iii) enter the proposed deadlines to file the operative Consolidated Amended Complaint and stay the

deadline for Defendants to respond to the individual complaints consistent with the

proposed Order.

Date: April 24, 2025            Respectfully Submitted,

By:    /s/*Parker Stinar*
       Parker Stinar
       **STINAR GOULD GRIECO &
       HENSLEY, PLLC**
       101 N. Wacker Dr., Floor M, Suite 100
       Chicago, Illinois 60606
       T: (312) 728-7444
       parker@sgghlaw.com

By:    /s/*Patrick Lannen*
       Patrick Lannen
       Erik Johnson
       **STINAR GOULD GRIECO &
       HENSLEY, PLLC**
       550W. Merrill Street, Suite 249
       Birmingham, Michigan 48009
       patrick@sgghlaw.com
       (269) 370-1746
       erik@sgghlaw.com
       (248) 221-8561

By:    */s/ Brian Glasser*
       Brian A. Glasser
       **BAILEY & GLASSER LLP**
       1055 Thomas Jefferson Street,
       NW, Suite 540
       Washington, DC 20007
       Phone: (202) 463-2101
       bglasser@baileyglasser.com

By:    */s/ Bart Cohen*
       Bart D. Cohen
       **BAILEY & GLASSER LLP**
       1622 Locust Street

10

Philadelphia, PA 19103
Phone: (267) 973-4855
bcohen@baileyglasser.com

By:     */s/ David Selby, II*
David L. Selby, II
**BAILEY & GLASSER LLP**
3000 Riverchase Galleria, Suite 905
Birmingham AL 35244
Phone: (205) 628-7575
dselby@baileyglasser.com

By:     */s/ John W. Barrett*
John W. Barrett
Katherine E. Charonko
**BAILEY & GLASSER LLP**
209 Capitol Street
Charleston, WV 25301
Phone: (304) 345-6555
jbarrett@baileyglasser.com
kcharonko@baileyglasser.com
*Counsel for Plaintiffs*

By:     /s/ *Aimee H. Wagstaff*
Aimee H. Wagstaff
Benjamin Gillig
**WAGSTAFF LAW FIRM**
940 N. Lincoln Street
Denver, CO 80203
Tel: 303-376-6360
awagstaff@wagstafflawfirm.com
bgillig@wagstafflawfirm.com

By:     */s/ Nathan Fink*
Nathan J. Fink
**FINK BRESSACK PLLC**
38500 Woodward Avenue, Ste 350
Bloomfield Hills, MI 48304
248-971-2500
nfink@finkbressack.com

11

By:     */s/ J. Gerard Stranch, IV*
        J. Gerard Stranch, IV
        Grayson Wells
        **STRANCH, JENNINGS & GARVEY,
        PLLC**
        223 Rosa L. Parks Avenue, Suite 200
        Nashville, TN 37203
        gstranch@stranchlaw.com
        gwells@stranchlaw.com

By:     */s/ Raina Borrelli*
        Raina Borrelli
        **STRAUSS BORRELLI PLLC**
        980 N. Michigan Avenue, Suite 1610
        Chicago, IL 60611
        Telephone: (872) 263-1100
        raina@straussborrelli.com

By:     */s/  Gary M. Klinger*
        Gary M. Klinger
        **MILBERG**
        221 W. Monroe Street, Suite 2100
        Chicago, IL 60606
        gklinger@milberg.com

By:     */s/  James J. Pizzirusso*
        James J. Pizzirusso
        **HAUSFELD LLP**
        1200 17th St NW Suite 600,
        Washington, DC 20036
        T: 202.540.7200
        jpizzirusso@hausfeld.com

        *Counsel for Plaintiffs and the Proposed
        Class*

12

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | |
|---|---|
| JANE DOE 1, and JANE DOE 2, on behalf of themselves and all others similarly situated, | Case No. 25-CV-10806<br>Hon. Mark A. Goldsmith<br>Mag. Elizabeth A. Stafford |
| Plaintiffs, | |
| vs. | |
| MATTHEW WEISS; the REGENTS OF THE UNIVERSITY OF MICHIGAN; the UNIVERSITY OF MICHIGAN; KEFFER DEVELOPMENT SERVICES, LLC, | |
| Defendants. | |
| JANE DOE 1-40 AND MCKENZIE JOHNSON, | Case No. 25-CV-10855<br>Hon. Mark A. Goldsmith<br>Mag. Elizabeth A. Stafford |
| Plaintiffs, | |
| vs. | |
| MATTHEW WEISS; the UNIVERSITY OF MICHIGAN BOARD OF REGENTS; the UNIVERSITY OF MICHIGAN; KEFFER DEVELOPMENT SERVICES, LLC, | |
| Defendants. | |

1

| | |
|---|---|
| JANE ROE CLF 001,<br><br>                 Plaintiff,<br><br>vs.<br><br>MATTHEW WEISS; the UNIVERSITY OF MICHIGAN; the REGENTS OF THE UNIVERSITY OF MICHIGAN; KEFFER DEVELOPMENT SERVICES, LLC,<br><br>               Defendants. | Case No. 25-CV-10870<br>Hon. Mark A. Goldsmith<br>Mag. Elizabeth A. Stafford |
| JANE DOE,<br>              Plaintiff,<br>vs.<br><br>the UNIVERSITY OF MICHIGAN BOARD OF REGENTS; KEFFER DEVELOPMENT SERVICES, LLC; MATTHEW WEISS,<br><br>               Defendants. | Case No. 25-CV-10876<br>Hon. Mark A. Goldsmith<br>Mag. Elizabeth A. Stafford |
| JANE DOE 1-11,<br><br>               Plaintiffs,<br><br>vs.<br><br>the REGENTS OF THE UNIVERSITY OF MICHIGAN; the UNIVERSITY OF MICHIGAN; KEFFER DEVELOPMENT, LLC; MATTHEW WEISS,<br>             Defendants. | Case No. 25-CV-10946<br>Hon. Mark A. Goldsmith<br>Mag. Elizabeth A. Stafford |

| | |
|---|---|
| JANE DOE, on behalf of herself and others similarly situated,<br><br>            Plaintiff,<br><br>vs.<br><br>the BOARD OF REGENTS OF THE UNIVERSITY OF MICHIGAN; KEFFER DEVELOPMENT SERVICES, LLC; MATTHEW WEISS,<br><br>            Defendants. | Case No. 25-CV-10951<br>Hon. Mark A. Goldsmith<br>Mag. Elizabeth A. Stafford |
| JANE DOE 1-3,<br><br>            Plaintiffs,<br><br>vs.<br><br>MATTHEW WEISS; the REGENTS OF THE UNIVERSITY OF MICHIGAN; the UNIVERSITY OF MICHIGAN; KEFFER DEVELOPMENT SERVICES, LLC,<br><br>            Defendants. | Case No. 25-CV-10988<br>Hon. Mark A. Goldsmith<br>Mag. Elizabeth A. Stafford |
| STUDENT DOE, on behalf of herself and all others similarly situated,<br><br>            Plaintiff,<br><br>vs.<br><br>MATTHEW WEISS; the REGENTS OF THE UNIVERSITY OF MICHIGAN BOARD; the UNIVERSITY OF | Case No. 25-CV-10999<br>Hon. Mark A. Goldsmith<br>Mag. Elizabeth A. Stafford |

3

MICHIGAN; KEFFER
DEVELOPMENT SERVICES, LLC,
and MATTHEW WEISS,

                    Defendants.

**BRIEF IN SUPPORT OF MAJORITY PLAINTIFFS' *AMENDED* MOTION
TO CONSOLIDATE CASES AND APPOINT MAJORITY PLAINTIFFS'
<u>COUNSEL AS INTERIM CO-LEAD COUNSEL</u>**

4

## STATEMENT OF ISSUE PRESENTED

1.      Whether this Court should (i) consolidate the Related Cases, (ii) appoint Parker Stinar, James Pizzirusso, and Gerard Stranch as Interim Co-Lead Counsel, and Gary Klinger of Milberg PLLC; Raina Borrelli of Strauss Borrelli PLLC; Aimee W. Wagstaff of Wagstaff Law Firm; David L. Selby, II of Bailey Glasser, LLP; and Patrick Lannen of SGGH as members of an Executive Committee; and Nathan Fink of Fink Bressack PLLC as Liaison Counsel (collectively "Interim Class Counsel") where proposed Interim Class Counsel satisfy Rule 23(g) and have substantial credentials, significant experience, and demonstrated the ability to work cooperatively and in the best interests of Plaintiffs and the putative Class, and (iii) enter deadlines for Plaintiffs to file an operative consolidated amended complaint, stay the deadline for Defendants to respond to the individual complaints in the Related Cases, and begin the process to effectively, fairly, and efficiently manage the Related Cases?

> Plaintiffs from Case Nos. 10806, 10876, 10951, 10999 state: "Yes."
>
> The Regents and the University are believed to state: "Yes" as to consolidation, and it is unclear what their position is on the balance of this request.
>
> It is unknown what the other Defendants state.

## <u>MOST CONTROLLING AUTHORITY</u>

- Federal Rule of Civil Procedure 42(a)(2)

- E.D. Mich. LR 42.1

- Federal Rule of Civil Procedure 23(g)

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Anthony v. BTR Auto. Sealing Sys., Inc.*, 339 F.3d 506 (6th Cir. 2003)..................23

*In re Delphi ERISA Litig.*, 230 F.R.D. 496 (E.D. Mich. 2005) .................................6

*In re Hope College Data Security Breach Litig.*, No. 1:22-cv-01224-PLM-PJG,

    ECF No. 11 (W.D. Mich. Feb. 23, 2023) .................................................................4

*In re Lansing Community College Data Security Breach Litig.*, No. 1:23-cv-00738-

    PLM-PJG, ECF No. 13 (W.D. Mich. Aug. 2, 2023)................................................4

*In re Vanguard Chester Funds Litig.*, 625 F. Supp. 3d 362 (E.D. Pa. 2022)............6

*In re Wright & Filippis, LLC Data Security Breach Litigation*, No. 2:22-cv-12906-

    SFC-EAS, ECF No. 9 (E.D. Mich. Mar. 3, 2023)..................................................3

## <u>Rules</u>

Federal Rule of Civil Procedure 23(g)(3) .............................................................4, 5

# I. INTRODUCTION

Between March 21, 2025 and April 8, 2025, seven putative class actions and one individual action were filed in this District against Defendants Matthew Weiss ("Weiss"), the Regents of the University of Michigan ("Regents"), the University of Michigan ("University"), and Keffer Development Services, LLC ("Keffer") concerning a data breach that spanned almost a decade and resulted in the unauthorized capture of personally identifiable information and medical data of more than 150,000 students, including many University students. It is undisputed that some of the data includes highly sensitive intimate photographs and videos that were never intended to be accessed by Weiss, the University, Keffer, or even the state and federal police and Department of Justice authorities that have reviewed them as part of their duties.

The complaints in each of these Related Cases allege that Defendants failed to adequately safeguard the sensitive personal information and personal identifying information of Plaintiffs and putative Class Members, and they assert various overlapping and/or similar claims.

Former football co-offensive coordinator Defendant Matthew Weiss intentionally accessed Plaintiffs' highly sensitive, personal, private, and intimate information. The victims include former and current college student athletes. It is uncontested that from approximately 2015 to 2023, Weiss used University and third-

1

party systems to access Plaintiffs' private information. Weiss exploited weak cybersecurity practices at the University and Keffer, which maintained databases with sensitive student-athlete information.

Weiss would not have been able to gain the access he did without his employment and credentials from the University. His access to confidential data includes at least medical records, passwords, and personal cloud accounts. The Justice Department has already begun notifying victims, including Plaintiffs.

## II. ARGUMENT

### A. Consolidation

Pursuant to Federal Rule of Civil Procedure 42(a)(2) and E.D. Mich. LR 42.1, Plaintiffs move the Court for an order consolidating the Related Cases. A proposed order to consolidate the cases is attached as **Exhibit A**. Rule 42(a) provides that "[i]f actions before the court involve a common issue of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost of delay." Eastern District of Michigan Local Rule 42.1 provides that "[a] party seeking to consolidate cases under Federal Rule of Civil Procedure 42(a) must: (1) file a motion in the case with the earliest case number;[3] and (2) file a notice of the motion in each related

---

[3] This action is the First-Filed Action, and Plaintiffs here seek consolidation with the support of a majority of the other putative class actions.

case." E.D. Mich. LR 42.1(a). "The district judge presiding in the earliest numbered case will decide the motion. However, the motion may not be granted unless the judges presiding in the related cases consent." E.D. Mich. LR 42.1(b). "If the motion is granted, the consolidated cases will be reassigned to the judge presiding in the earliest numbered case." E.D. Mich. LR 42.1(c).

Here, the Related Cases satisfy the criteria in Rule 42(a)(2) and E.D. Mich. LR 42.1. The complaints in each of the Related Cases raise common questions of law and fact, and they arise from the same data breaches. Based on the allegations in each Related Case, the breach continued for nearly a decade because the University and Keffer failed to prevent, detect, or stop Weiss from accessing databases without authorization, enabling him to download the private sensitive information belonging to 150,000 student athletes from over 100 colleges and universities. The claims are brought on behalf of substantially identical classes, and allege that the University, the Regents, and Keffer failed to adequately safeguard the sensitive personal information of Plaintiffs and putative Class Members.

The key matter here is that all such events and claims are not only related, but are *actually* from the same time, space, and origin. As a lower threshold, Courts routinely consolidate overlapping data breach class actions that are filed in the same court. *See, e.g.*, *In re Wright & Filippis, LLC Data Security Breach Litigation*, No. 2:22-cv-12906, ECF No. 9 (E.D. Mich. Mar. 3, 2023) (consolidating seven similar

3

data breach class actions, and providing 30 days to file a single consolidated complaint); *see also In re Hope College Data Security Breach Litig.*, No. 1:22-cv-01224, ECF No. 11 (W.D. Mich. Feb. 23, 2023) (consolidating five data breach class actions filed in the same district court, and providing 30 days to file a single consolidated complaint); *In re Lansing Community College Data Security Breach Litig.*, No. 1:23-cv-00738, ECF No. 13 (W.D. Mich. Aug. 2, 2023) (consolidating four data breach class actions, and providing 45 days to file a single complaint).

Finally, all the Related Cases here have already been assigned or administratively reassigned to the same judge. *See Jane Doe 1, et al. v. Weiss, et al.*, Case No. 25-cv-10806 (ECF No. 6); *Jane Doe 1, et al. v. Weiss, et al.*, Case No. 25-cv-10855 (ECF No. 9); *Jane Roe CLF 001 v. Weiss, et al.*, Case No 25-cv-10870 (ECF No. 3); *Jane Doe v. University of Michigan Board of Regents*, Case No. 25-10876 (ECF No. 8); *Jane Does 1 –11 v. The Regents of the University of Michigan*, Case No. 25-cv-10946 (ECF No. 14); *Doe v. Board of Regents of the University of Michigan, et al.*, 25-cv-10951 (ECF No. 6); *Jane Doe 1-3 v. Matthew Weiss, et al.*, Case No. 25-cv-10988 (ECF No. 6); and *Student Doe v. Board of Regents of the University of Michigan, et al.*, Case No. 25-cv-10999 (ECF No. 9).

Based on the above, and pursuant to Rule 42(a)(2) and E.D. Mich. LR 42.1, the Court should consolidate the Related Cases.

**B. Appointment of Parker Stinar, Gary Klinger, and Gerard Stranch as Interim Co-Lead Counsel and an Executive Committee is Appropriate.**

Pursuant to Federal Rule of Civil Procedure 23(g)(3), Plaintiffs respectfully request entry of an order appointing Parker Stinar of SGGH; James Pizzirusso of Hausfeld; and J. Gerard Stranch, IV SJG as Interim Co-Lead Counsel; and Gary Klinger of Milberg PLLC; Raina Borrelli of Strauss Borrelli PLLC; Aimee W. Wagstaff of Wagstaff Law Firm; David L. Selby, II of Bailey Glasser, LLP; and Patrick Lannen of SGGH as members of an Executive Committee for Plaintiffs, and Nathan Fink of Fink Bressack as Liaison Counsel for the putative Class in a consolidated action. The team is described in detail below and is comprised of the leading firms in the country in the practice areas of cyber security and data privacy as well as the leading firms handling sexual misconduct and abuse cases, particularly in the school settings. It also includes some of the best and largest national class actions firms, as well as the top Michigan law firms. Interim Class Counsel have undertaken the laboring oar and are still working hard. As detailed below, Stinar, Pizzirusso, and Stranch are well-qualified to serve as Interim Co-Lead Counsel and the proposed Executive Committee and Liaison Counsel they have assembled make up a seasoned and well-rounded diverse team that meets the needs of this case locally and nationally. This team combines substantial experience in class actions, complex

litigation, data privacy, and sexual abuse litigation, with the ability to work cooperatively towards a successful outcome for the putative class.

Rule 23(g) provides the factors a court should consider when designating interim counsel as: (1) the work which proposed interim lead counsel has already performed in identifying or investigating the potential claims; (2) counsel's experience in handling class actions, other complex litigation, with claims of the type asserted in the action; (3) counsel's knowledge of the applicable law; and (4) the resources counsel will commit to representing the class. Fed. R. Civ. P. 23(g)(1)(a)(i)-(iv). Where "more than one adequate applicant seeks appointment as class counsel, the court must appoint the applicant *best* able to represent the interests of the class." *In re Delphi ERISA Litig.*, 230 F.R.D. 496, 498 (E.D. Mich. 2005) (quoting Fed. R. Civ. P. 23(g)(2)(B)) (emphasis added). The Court may also "look to 'any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class,'" which may include "(1) which plaintiff filed first and (2) whether a plaintiff has support of other plaintiffs." *In re Vanguard Chester Funds Litig.*, 625 F. Supp. 3d 362, 367 (E.D. Pa. 2022) (quoting Fed. R. Civ. P. 23(g)(1)(B)).

As set forth below, Stinar, Pizzirusso, and Stranch, and the proposed Executive Committee and Liaison Counsel satisfy the factors of Rule 23(g).

### 1. The Work Performed Investigating and Identifying Claims.

The proposed team is "best able" to represent Plaintiffs and the putative Class in this case. The team includes the first to file. It authored the first complaint that served as a template for the cases that followed. It spent several dozen hours researching and identifying which claims are the proper and fitting claims for this case based on the information available. Each of the complaints that followed endorsed the same claims, with the same key language, used verbatim the same defined terms that the proposed team first authored, used the same causes of action in the same sequence, and relied on the proposed team's evidence in their filings.

Proposed Interim Class Counsel have already contacted and met with the other plaintiff firms that have filed the Related Cases about working together cooperatively and in an organized manner to delegate work to each in accordance with the relevant expertise of each. The team proposed is receiving peer support.

The proposed team also filed the first motion in any of the Related Cases on April 8, 2025. ECF No. 15. The proposed team filed the only other motions filed in any of the Related Cases (only other motions are from Case No. 25–10855, at ECF No. 15, but the plaintiffs from that case rely on the evidence from *this first-filed case and* include as their exhibits those exhibits filed in this First-Filed Case). Proposed Interim Class Counsel have taken on the major investigation, met with clients,

drafted various pleadings, served proposed discovery, engaged experts, and procured support of other plaintiff firms.

Accordingly, the team proposed should be appointed Interim Co-Lead Counsel. Given the fast pace of these Related Cases and the need to mitigate the harm done by the data breach at issue in this case, and to do so all in an organized and effective but efficient way, the Court should exercise its discretion to appoint Interim Co-Lead Counsel now. Any delay wrought by a multi-week leadership contest will unnecessarily delay matters and harm Plaintiffs and putative class members without any offsetting benefit, especially since the relief sought is "interim" and any competing bids can be resolved at a later date.

### 2. The Proposed Co-Leads

#### a. Stinar of SGGH.

Stinar and SGGH have extensive experience litigating complex class actions. Stinar is a Founding Partner at SGGH and serves as the firm's Managing Partner and co-chairs the firm's Mass Tort and Sexual Abuse practice groups. In 2021, Stinar was appointed in this District to plaintiff leadership team for lawsuits against the University of Michigan on behalf of survivors of sexual abuse by the disgraced former physician, Dr. Robert Anderson, in the well-known case of *John Doe v University of Michigan*. As a member of the plaintiff leadership team, Stinar played a crucial role in managing various aspects of the litigation, including court hearings,

rulings, litigation discovery, mediation, and settlement negotiations. Representing over 200 survivors of sexual abuse, more than any other individual law firm involved in the case, Stinar was instrumental in securing a $490 million dollar settlement on behalf of more than 1,000 survivors.

Between 2023 and last week, Stinar served as co-lead counsel in the mass tort litigation *John Doe v. Northwestern University, et al.*, pending in Cook County, Illinois (No. 4027 and related cases). There, he filed the first case, spearheaded coordination and consolidation, and led strategic aspects of discovery and motion practice. The matter was resolved in a comprehensive confidential settlement, with significant media attention due to the sensitive and serious nature of the allegations.[4]

### b.  James Pizzirusso and Hausfeld LLP

According to the *Global Competition Review*, Mr. Pizzirusso's firm (Hausfeld) "is clearly recognized as one of the best plaintiffs' firms in the country."

---

[4] In 2024, Stinar also served as lead counsel in *Jane Doe v. Ortega et al.*, a high-profile mass tort litigation in Cook County, Illinois (No. 05683 and related cases), involving over 350 women who were sexually abused by a Chicago-based OB-GYN affiliated with one of the City's largest healthcare institutions. Stinar led all aspects of the litigation, including coordination across related actions for both discovery and trial. The matter resolved for a confidential, a significant outcome for survivors. Stinar and his colleagues are also plaintiff counsel in *Doe v Henry Ford Health System,* Macomb County Circuit Court, Case No. 24-003733-NZ. That is a putative class action brought by a victim of Oumair Aejaz, a former medical doctor of Henry Ford Health System and Henry Ford Macomb Hospital Corporation who used hidden cameras to record sexually assaulting unconscious patients.

9

Hausfeld has recovered tens of billions of dollars for its clients in trials and settlements, and courts have appointed the firm's attorneys to leadership positions in hundreds of cutting-edge class actions. As a founding member of Washington, DC-based Hausfeld and head of the firm's thirteen-person Data Breach practice group, Mr. Pizzirusso has achieved national renown and success over the past decade as one of the country's preeminent cybersecurity attorneys. While many attorneys dabble in data breach and privacy law, it is Mr. Pizzirusso's entire practice. He was recently selected to be one of the primary authors of a data breach treatise for Lexis.

Hausfeld is the only plaintiffs' firm in the country ranked by *Legal500* in Cyber Law. In 2024, *Chambers and Partners* ranked Mr. Pizzirusso (for the fourth year in a row) as a top lawyer in "Privacy and Data Security: Litigation." *Chambers* described Mr. Pizzirusso as "a highly experienced litigator, noted for his successful track record acting for plaintiffs in high-stakes cybersecurity and privacy law class actions." Hausfeld is also the only firm to be ranked by *Chambers* for Privacy & Data Security-Litigation where they wrote: "Hausfeld's team is talented across the board, it contains some of the hardest-working and smartest lawyers." In 2024, The *National Law Journal* recognized Hausfeld with an "Elite Trial Lawyer" award in Privacy/Data Breach. It also named Mr. Pizzirusso as one of its "2023 Class Action/Mass Tort Trailblazers," a "2020 Washington, DC Trailblazer" and in 2017 as a "Cybersecurity Trailblazer" for his work in data breach and privacy law.

10

Law360 named him a "2021 Cybersecurity and Privacy MVP" and awarded Hausfeld with a 2021 Practice Group of the Year Award in "Cybersecurity and Privacy." His experience in the space dates back over a decade ago with the *In re: Target Corp. Customer Data Security Litigation*, MDL No. 14-2522 (D. Minn.) in 2014 where he helped secure one of the first litigated class certifications in a data breach, and since over 30 courts (including 10 MDLs) have appointed Mr. Pizzirusso to leadership positions where he worked with hundreds of lawyers.[5]

### c.  J. Gerard Stranch, IV

J. Gerard Stranch, IV is a third-generation trial lawyer with deep experience representing consumers against large and well-resourced companies. He is the Managing Partner of Stranch, Jennings & Garvey, PLLC—the largest and most successful Tennessee-based class action firm. He was the lead trial attorney for the Staubus opioids case, on behalf of nine East Tennessee Counties and certain cities against Endo Health Solutions and Endo Pharmaceuticals, Inc., resulting in a default judgment against Endo for discovery violations and settling on the eve of trial for

---

[5] Mr. Pizzirusso negotiated the two ***largest*** data breach settlements ever reached, *In re T-Mobile Data Security Breach Litig.*, MDL No. 4:21-md-03019-BCW (W.D. Mo.), with settlement valued at $500 million (the second largest data breach settlement) for the seventy million victims, and *In re Equifax, Inc. Customer Data Sec. Breach Litig.* MDL No. 1:17-md-2800-TWT (N.D. Ga.) where he was instrumental in putting together the *largest* ever data breach settlement: a $500 million cash settlement with $1 billion in upgraded data security.

$35 million, the largest per capita payment by Endo in any Opioid settlement. *See Staubus v. Purdue Pharma LP*, No. C-41916 (Sullivan Cty. Tenn. Cir. Ct.). He was appointed to the steering committees of *In re Volkswagen "Clean Diesel" Marketing, Sales Practices and Products Liability*, No. 15-MD-02672 (N.D. Cal.) resulting in approximately $17 billion in settlements. In *In re New England Compounding Pharmacy, Inc.*, MDL No. 13-02419-RWZ (D. Mass.), he was appointed to the executive committee and in charge of all Tennessee litigation, resulting in the recovery of over $230 million in settlements. He was appointed to the executive committee in *Dahl v. Bain Capital Partners*, No. 07–12388–EFH (D. Mass.) a case that resulted in a $590.5 million settlement shortly before trial.

Mr. Stranch, moreover, has deep experience representing consumers in class action litigation, especially in privacy cases. Mr. Stranch served as co-lead in *In re CorrectCare Data Breach Litig.*, No. 5:22-319-DCR (E.D. Ky.), negotiating a 6.49 million dollar settlement, and in *Doe v. SSM & Navvis*, No. 2422-CC-00208 (Mo. Cir. Ct.) (final approval pending), the firm represented the class as class counsel, resulting in a $6.5 million settlement. In *Owens v. MGM Resorts International*, No. 2:23-cv-01480 (D. Nev.), Mr. Stranch was appointed co-lead counsel of a class of customers affected by a 2023 data breach and negotiated a $45 million settlement. These are a small fraction of the hundreds of privacy class actions that Mr. Stranch

has litigated.[6]

### d. The Proposed Executive Committee

### i. Gary Klinger, Milberg PLLC

Mr. Klinger is a Senior Partner at Milberg and Chair of its Cybersecurity and Data Privacy Practice Group. Located in Chiago, Illinois, Mr. Klinger is recognized as one of the most respected data privacy attorneys in the United States, having been ranked by Chambers and Partners as Band 3 for Privacy & Data Security Litigation (2024) and having been selected to Lawdragon's 500 Leading Litigators in America for his accomplishments in privacy litigation (2024). Law360 recently highlighted Mr. Klinger's work in the privacy space. Mr. Klinger has extensive experience serving as leadership in numerous privacy class actions, including as lead or co-lead

---

[6] In *In re Evolve Bank & Trust Customer Data Security Breach Litigation*, MDL No. 2:24-md-03127 (W.D. Tenn.), Mr. Stranch successfully petitioned for centralizing in an MDL and was ultimately named interim lead counsel. Mr. Stranch then successfully negotiated a nearly $12 million settlement. In a recent online privacy case, *Doe et al v. HSCGP, Inc.*, No. 23C2513 (Tenn. Cir. Ct.), Mr. Stranch negotiated a settlement valued at approximately $23 million to redress alleged privacy violations related to disclosure of health information to Meta. Other cases include *Martinez et al. v. Presbyterian Healthcare Services*, No. D-202-CV-2020-01578 (N.M. Dist. Ct.) (class of 1,047,428 individuals); *Owens v. U.S. Radiology Specialists Inc. et al.*, No. 22 CVS 17797 (N.C. Super. Ct.); *In re Goodman Campbell Brain & Spine Data Incident Litig.*, No. 49D01-2207-PL-024807 (Ind. Super. Ct.); *Monegato v. Fertility Ctrs. of Illinois, PLLC*, No. 2022 CH 00810 (Cook Cty. Cir. Ct.); *Berthold v. Norton Healthcare, Inc.*, No. 23-CI-003349 (Jeff. Cty., Ky. Cir. Ct.) (appointed co-lead interim class counsel in consolidated data breach class action impacting at least 2.5 million patients and employees); and *Lurry v. Pharmerica Corp.*, No 3:23-cv-00297-RGJ (W.D. Ky.) (appointed interim lead class counsel in consolidated data breach class action), among others.

counsel in the largest data breaches in the country. *See, e.g.*, *In re: MoveIt Customer Data Security Breach Litigation*, 1:23-md-03083 (D. Mass.) (appointed leadership in multi-district litigation involving a data breach that impacted more than 95 million consumers); *Isaiah v. LoanDepot, Inc.*, 8:24-cv-00136-DOC-JCE (C.D. Cal) (appointed co-lead counsel in a data breach that impacted 17 million consumers); *Owens v. MGM Resorts International*, Case No. 23-cv-01480 (D. Nev.) (class counsel and obtained a settlement of $45 million in a data breach class action). Mr. Klinger and his firm have played an important role in developing the favorable case law that many plaintiffs rely on in the data breach space. *See e.g., Webb v. Injured Workers Pharmacy, LLC*, 72 F.4th 365 (1st Cir. 2023) (Reversing the dismissal with prejudice of a data breach case and finding Article III standing); *In re Arthur J. Gallagher Data Breach Litig.*, 631 F. Supp. 3d 573, 586 (N.D. Ill. 2022) (similar); *Flores v. Aon Corp.*, 2023 IL App. (1st) (230140) (similar); *In re Blackbaud, Inc., Customer Data Breach Litig.*, No. 3:20-MN-02972-JMC, 2021 WL 2718439, at *1 (D.S.C. July 1, 2021) (similar).

Mr. Klinger has settled on a classwide basis more than 100 class actions involving privacy violations, recovering in excess of $1 billion.[7] Mr. Klinger also

---

[7] Representative cases include: *Parris, et al., v. Meta Platforms, Inc.*, Case No.2023LA000672 (18th Cir. DuPage Cty., Ill.) (where Mr. Klinger serves as lead counsel and obtained a settlement of $64.5 million for 4 million consumers in a privacy class action); *Owens v. MGM Resorts International*, Case No. 23-cv-01480

has the full weight of his law firm behind him. Since its founding in 1965, Milberg has repeatedly taken the lead in landmark cases that have set groundbreaking legal precedents, prompted changes in corporate governance, and recovered over $50 billion in verdicts and settlements. The firm pioneered federal class action litigation and has been described by the *New York Times* as "[a] powerhouse that compelled miscreant and recalcitrant businesses to pay billions of dollars to aggrieved shareholders and customers."

### ii.  Aimee Wagstaff, Wagstaff Law Firm

Wagstaff Law Firm ("WLF") is a leading mass- and class-action law firm that has successfully led and litigated many consolidated actions to trial or global resolution. WLF founder Aimee Wagstaff has served as lead or co-lead of some of the largest, most complex multi-district litigations ever organized. Wagstaff has served as lead or co-lead counsel in numerous consolidated proceedings, including:

- *In re: Paraquat Products Liability Litigation* (No. 559). First Judicial District of Pennsylvania, Philadelphia Court of Common Pleas. Mass tort litigation with over 1,700 claimants alleging significant injuries from an herbicide manufactured by Syngenta and Chevron. Wagstaff was appointed to serve as co-lead counsel for plaintiffs and as trial counsel for multiple bellwether trials.

- *In re: Baby Food Products Liability Litigation* (MDL No. 3101). U.S. District

_____

(D. Nev.) (Mr. Klinger serves as class counsel and obtained a settlement of $45 million in a data breach class action); *Boone v. Snap, Inc*., Case No. 2022LA000708 (18th Cir. DuPage Cty., Ill.) (where Mr. Klinger served as lead counsel and obtained a settlement of $35 million for 3 million consumers in a privacy class action); *In re: East Palestine Train Derailment*, No. 23-cv-00242 (N.D. Ohio) (where Mr. Klinger serves on the leadership team that obtained a settlement of $600 million).

Court for the Northern District of California. Wagstaff was appointed to serve as co-lead counsel for plaintiffs alleging that consumption of toxic heavy metals present in baby food products causing neurodevelopmental harm.

- *In re: Roundup Products Liability Litigation* (MDL No. 2741). U.S. District Court for the Northern District of California. Wagstaff was appointed to serve as co-lead counsel for plaintiffs alleging injuries from exposure Roundup and other glyphosate-based products. Wagstaff tried the first federal Roundup trial, resulting in a verdict of over $80 million (later reduced by the court).

- *In re: Ethicon Inc. Power Morcellator Products Liability Litigation* (MDL No. 2652). U.S. District Court for the District of Kansas. Wagstaff was appointed to serve as co-lead counsel of the first ever majority-women leadership committee and resolved the MDL within 18 months.

- *In re: Boston Scientific Corp. Pelvic Repair System Products Liability Litigation* (MDL No. 2326). U.S. District Court for the Southern District of West Virginia. Wagstaff was appointed to serve as national co-lead counsel of the Boston Scientific Corporation ("BSC") transvaginal mesh ("TVM") MDL. Wagstaff was a trial team member for the first bellwether BSC MDL 2326 trial that resulted in a verdict of more than $18 million for plaintiffs. At its peak, this litigation accounted for roughly 20% of the nationwide federal district court docket, with tolled claimants numbering more than 150,000.

Benjamin Gillig from WLF will also be contributing to the *Weiss* cases. He rejoined WLF after founding the Colorado Attorney General's false claims enforcement unit. A former law clerk to the Eighth Circuit, Gillig brings a strong strategic perspective to complex litigation, with prior experience on the defense side.

### iii.  David L. Selby, II of Bailey Glasser, LLP

David L. Selby, II who is an accomplished class action lawyer who represents individuals injured by defective firearms, medical devices, and pharmaceutical drugs. Selby currently serves in leadership and steering committee roles in several

16

MDLs. Selby's courtroom success has earned him a litany of legal honors, including being nationally ranked in the product liability category by Chambers & Partners in 2023. As the Practice Group Leader of the firm's Mass Torts Group, he helms a practice that is nationally ranked as a Best Law Firm in mass tort/class action litigation. Selby also serves on the Plaintiffs' Executive Committee for the Atrium Medical Corp. C-Qur Mesh Products Liability Litigation, an MDL that consolidates federal lawsuits from across the country against Atrium Medical Corporation alleging the C-Qur Hernia Mesh manufactured by Atrium is defective and produces an allergic or inflammatory reaction that has caused serious injuries. He also served as co-lead trial counsel to the Official Committee of Talc Claimants in the Johnson & Johnson bankruptcy of its special purpose subsidiary LTL Management.[8]

---

[8] The Bailey Glasser firm will also be able to provide support from Brian Glasser, a Rhodes scholar and founding partner of the firm, who has tried cases in seventeen different states, including two mass actions and four class actions. Glasser was co-lead trial counsel for the Coalition of Counsel for Justice in Talc Claimants in another "Texas Two-Step" attempt by Johnson & Johnson to discharge liabilities arising from people alleging injury by talc products. In March 2025, after a two-week trial, the Bankruptcy Court for the Southern District of Texas agreed with Glasser's client and dismissed the bankruptcy case. Also able to provide support from Bailey Glasser will be: John Barrett who is among a handful of lawyers nationally to have won class action, mass action, and individual plaintiff jury trials in federal and state court and successfully argued appeals to uphold the verdicts won in those cases; Katherine Charonko who is a leader in Electronically Stored Information ("ESI") and is Bailey Glasser's ESI Practice Group Leader, and who enjoys designation as a Certified e-Discovery Specialist ("CEDS"), which is a globally recognized credential that assures clients and co-counsel that approaches to electronic discovery is efficient, cost-effective, and reduces risk in all phases; and

### iv. Raina Borrelli, Strauss Borrelli

Raina Borrelli is a is a founding partner of Strauss Borrelli PLLC where she leads the firm's class action litigation practice and has more than a decade of expertise in prosecuting complex class actions in federal and state courts. She has significant experience in data privacy litigation and is litigating hundreds of data breach cases in courts around the country as lead counsel or co-counsel on behalf of millions of data breach victims, including *In re C.R. England, Inc. Data Breach Litig.*, 2:22-cv-374-DAK-JCB (appointed Interim Co-Lead Counsel); *Forslund et al. v. R.R. Donnelley & Sons Co.*, 1:22-cv-04260 (N.D. Ill.) (appointed as interim co-lead class counsel); *In re Lincare Holdings, Inc. Data Breach Litig.*, 8:22-cv-01472 (M.D. Fla.) (appointed to Interim Executive Leadership Committee, achieving a $7.25 million settlement for the class); *In re Thompson Coburn Data Security Litig.*, 4:24-cv-1509 (E.D. Mo.) (appointed interim co-lead class counsel); *In re CDK Global Data Security Consumer Litig.*, 1:24-cv-05221 (N.D. Ill.) (appointed interim co-lead counsel); *Grogan v. McGrath RentCorp., Inc.*, 22-cv-490 (N.D. Cal.);

---

Bart Cohen who has over 30 years of experience in class action and other complex litigation, and has been appointed as co-lead counsel in data breach litigation including *Barletti v. Connexin Software Inc.*, No. 2:22-cv-04676 (E.D. Pa.) (representing proposed class of over 2.9 million), *Goss v. Performance Health Technology, Ltd.*, No. 23CV34744 (Multnomah Cty. Circuit Ct.) (proposed class of over 1.7 million), and *In re Community Health Systems, Inc. Data Security Litigation*, No. 3:23-cv-00285 (M.D. Tenn.) (proposed class of over 1.1 million).

*Hulewat et al. v. Medical Management Resource Group, LLC*, 2:24-cv-00377 (D. Ariz.) (appointed Interim Co-Lead Class Counsel).

### v. Patrick Lannen of SGGH.

Patrick Lannen is an experienced trial attorney, having completed more than 180 commercial or class cases in the District, all of which concluded with excellent results for his clients. He recently joined SGGH from an accomplished business and defense firm. He has prevailed in many putative class actions as defense counsel. He has active MDL experience. He was a panelist for Lawyers for Civil Justice, National Meeting, December 2019 "Class Action Reform, Proposed Comment to Rule 23 of the Federal Rules Advisory Committee for 2020." He was recognized as a "go to" Michigan Lawyer by Michigan Lawyer's Weekly for commercial and complex litigation in 2023. Lannen also has more than a dozen trial wins and no losses in cases tried to a bench or jury verdict. In January 2025, he secured a $32 million jury verdict in a commercial dispute in the District.[9]

---

[9] He will be supported by Erik Johnson, who represents a broad range of individuals and organizations, particularly class actions and complex commercial litigation. Johnson has a successful record in high-stakes cases for municipalities, private companies, and individuals. He was part of the trial team led by Lannen who won the $32 million jury verdict in front of Judge Matthew F. Leitman in January 2025. Before joining the private sector, he served as a judicial law clerk in the District of Michigan for four years and he served as an Assistant Attorney General in Chicago, Illinois. Johnson has litigated more than thirty class action and complex commercial litigation cases in Michigan, and more than fifty civil rights cases in the Northern District of Illinois. Johnson has worked on both defense and plaintiff's side.

SGGH's location also makes it an ideal firm. Lannen and Johnson operate out of SGGH's Birmingham, Michigan office, and counsel for the University and the Regents is in Troy, Michigan. If the proposed team is appointed Interim Lead Counsel, SGGH's location will ensure efficiency and cost-savings in future pre-trial proceedings and discovery, as depositions of institutional and corporate Defendants and their employees will likely be conducted within driving distance of SGGH's offices.

### e. Liaison Counsel, Nathan Fink, Fink Bressack

Fink Bressack and its attorneys have served in leadership positions for numerous class actions, including:

- *In re Onstar Contract Litigation*, Case No. 2:07-MDL-01867, Eastern District of Michigan;
- *In re Refrigerant Compressors Antitrust Litigation*, Case No. 2:09-md-02042, Eastern District of Michigan;
- *Enbridge Oil Spill Class Action*, Case No. 1:10-cv-01096, Western District of Michigan;
- *The Shane Group, Inc., et al v. Blue Cross Blue Shield of Michigan*, Case No. 2:10-CV-14360, Eastern District of Michigan;
- *In re: Automotive Parts Antitrust Litigation, Direct Purchases Class*, Case No. 12-MDL-02311, Eastern District of Michigan (appointed liaison counsel);
- *Independent Bank Fee Class Action*, Case No. 13-009983-CZ, Wayne County Circuit Court;
- *Flagstar Bank, FSB, Overcharge Fee Class Action*, Case No. 15-145287-CZ, Oakland County Circuit Court;
- *Diplomat Pharmacy Derivative Litigation*, Case No. 17-109223-CB, Genesee County Circuit Court;

20

- *Wayside Church, et al v. Van Buren County*, et al, Case No. 1:14-cv-01274-PLM, Western District of Michigan;

- *Hundley, et al v. Henry Ford Health System, et al*, Case No. 2:21-cv-11023, Eastern District of Michigan;

- *Parker, et al v. GKN North America Services, Inc*., et al, Case No. 2:21-cv-12468, Eastern District of Michigan;

- *Clark, et al v. Avfuel Corporation*, Case No. 2:24-cv-12274, Eastern District of Michigan (appointed interim liaison counsel);

- *In re Flagstar December 2021 Data Security Incident Litigation*, Case No. 2:22-cv-11385, Eastern District of Michigan (appointed interim liaison counsel).

The firm focuses its practice on complex litigation of all kinds and is routinely retained to represent some of the largest companies in the country, as well as some of the State's largest municipalities. The firm has also served as counsel to the University of Michigan. Managing partner David H. Fink has been a leader in Michigan litigation for many years. Mr. Fink has handled numerous class actions and a wide range of complex lawsuits in courts throughout Michigan, winning important victories not only at the State and Federal trial court level, but also in the Michigan Court of Appeals, the Michigan Supreme Court and the Sixth Circuit Court of Appeals. Mr. Fink is a magna cum laude graduate of Harvard College, class of 1974, and a cum laude graduate of Harvard Law School, class of 1977. Mr. Fink has been recognized as a "SuperLawyer" by Michigan SuperLawyers Magazine each year since 2007 and has been selected by Michigan Lawyers Weekly as a "Leader in the Law." Recently, Mr. Fink was one of the first attorneys included in Michigan Lawyers Weekly's Hall of Fame. Prior to joining Fink Bressack, Nate Fink honed

21

his litigation skills at a large Detroit-area law firm and at the Wayne County Prosecutor's Office, where he tried multiple bench and jury trials to verdict. Since joining Fink Bressack in 2015, Nate has dedicated a large part of his practice to class actions, including the pending *Auto Parts MDL*, where he has served as Chief Judge Sean Cox's primary counsel point of contact for case administration issues for many years. In 2025, Mr. Fink was selected by Crain's Detroit Business as a Notable Litigator and Trial Attorney.

### 3. Counsel's Knowledge of Applicable Law

Plaintiffs and their proposed team incorporate the details stated above about their deep experience as the basis for their knowledge of applicable law. As specified above, Plaintiff's broad team of lawyers has deep experience, including of recent vintage, that covers the waterfront perfectly for this case. Their class and complex litigation experience includes institutional sex abuse, lead class action experience in matters with governmental actors (similar to this case), historical commercial and complex litigation experience, complex class and mass action practices, resolving data privacy class actions, jury trial and bench trial expertise, experience on both sides of the "plaintiff" and "defense" aisles, expertise in data privacy, and ESI makes them well-suited for the lead counsel role. Granting the relief requested is wholly consistent with ensuring the class counsel has knowledge of the applicable law and protecting the class in what would otherwise be an unwieldly case.

**4. Resources Counsel Will Commit to Representing the Class**

Finally, the resources counsel for Plaintiffs will commit to representing the class here are plentiful. This is a large case. It involves large institutions and hundreds and thousands of victims. There are tens or hundreds of millions of dollars at stake in currency in the form of money and other forms of in-kind relief. The police authorities are involved, the federal government is involved, and the case demands an organized, broad base of experts, and workhorses, who communicate regularly and with a plan.

It would be illogical not to commit major resources. That is why Plaintiffs are so motivated here and why counsel has gone to such great lengths to assemble a talented legal team to prosecute this case and to represent the putative class. Counsel has even retained technology experts with broad and deep experience to aid them with non-legal issues. The Interim Co-Lead Counsel team intends to continue to interview witnesses, establish a data room, and are prepared to commit all of the resources necessary to see this case to a swift and fair conclusion. Collectively, their firms have hundreds of lawyers and significant assets to take this case through trial. They will not seek outside funding for this case.

**5. Briefing Schedule**

To execute on the organization already underway, Plaintiffs further respectfully request that the Court set a schedule related to the filing of an operative

consolidated amended complaint. "[T]rial courts have inherent power to control their dockets." *Anthony v. BTR Auto. Sealing Sys., Inc.*, 339 F.3d 506, 516 (6th Cir. 2003). Setting the schedule stated above will relieve Defendants of the duty to respond to the various initial complaints filed in the Related Cases in the interim.[10]

### III. CONCLUSION

For the above reasons, Plaintiffs respectfully request that this Court enter an Order, substantially in the form attached as **Exhibit A**: (i) consolidating the Related Cases, (ii) appointing proposed Interim Co-Lead Counsel as stated above, and (iii) entering the proposed deadlines to file the operative consolidated amended complaint and stay the deadline for Defendants to respond to the individual complaints.

Date: April 23, 2025                    Respectfully Submitted,

By:     /s/*Parker Stinar*
Parker Stinar
Michael Grieco
Bryce Hensley
**STINAR GOULD GRIECO &
HENSLEY, PLLC**
101 N. Wacker Dr., Floor M, Suite 100
Chicago, Illinois 60606
T: (312) 728-7444
parker@sgghlaw.com
mike@sgghlaw.com
bryce@sgghlaw.com

---

[10] The Proposed Schedule is also set forth in the Proposed Order attached as **Exhibit A**.

By:     /s/Patrick Lannen
        Patrick Lannen
        Erik Johnson
        **STINAR GOULD GRIECO &**
        **HENSLEY, PLLC**
        550W. Merrill Street, Suite 249
        Birmingham, Michigan 48009
        patrick@sgghlaw.com
        (269) 370-1746
        erik@sgghlaw.com
        (248) 221-8561

By:     /s/ Brian Glasser
        Brian A. Glasser
        **BAILEY & GLASSER LLP**
        1055 Thomas Jefferson Street,
        NW, Suite 540
        Washington, DC 20007
        Phone: (202) 463-2101
        bglasser@baileyglasser.com

By:     /s/ Bart Cohen
        Bart D. Cohen
        **BAILEY & GLASSER LLP**
        1622 Locust Street
        Philadelphia, PA 19103
        Phone: (267) 973-4855
        bcohen@baileyglasser.com

By:     /s/ David Selby, II
        David L. Selby, II
        **BAILEY & GLASSER LLP**
        3000 Riverchase Galleria, Suite 905
        Birmingham AL 35244
        Phone: (205) 628-7575
        dselby@baileyglasser.com

By:     /s/ John W. Barrett
        John W. Barrett
        Katherine E. Charonko

**BAILEY & GLASSER LLP**
209 Capitol Street
Charleston, WV 25301
Phone: (304) 345-6555
jbarrett@baileyglasser.com
kcharonko@baileyglasser.com
*Counsel for Plaintiffs*

By:    /s/ *Aimee H. Wagstaff*
Aimee H. Wagstaff
Benjamin Gillig
**WAGSTAFF LAW FIRM**
940 N. Lincoln Street
Denver, CO 80203
Tel: 303-376-6360
awagstaff@wagstafflawfirm.com
bgillig@wagstafflawfirm.com

By:    */s/ Nathan Fink*
Nathan J. Fink
**FINK BRESSACK PLLC**
38500 Woodward Avenue, Ste 350
Bloomfield Hills, MI 48304
248-971-2500
nfink@finkbressack.com

By:    */s/ J. Gerard Stranch, IV*
J. Gerard Stranch, IV
Grayson Wells
**STRANCH, JENNINGS & GARVEY, PLLC**
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
gstranch@stranchlaw.com
gwells@stranchlaw.com

By:    */s/ Raina Borrelli*
Raina Borrelli
**STRAUSS BORRELLI PLLC**
980 N. Michigan Avenue, Suite 1610

26

Chicago, IL 60611
Telephone: (872) 263-1100
raina@straussborrelli.com

By:  */s/  Gary M. Klinger*

Gary M. Klinger
**MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN PLLC**
221 W. Monroe Street, Suite 2100
Chicago, IL 60606
gklinger@milberg.com

By:  */s/  James J. Pizzirusso*

James J. Pizzirusso
**HAUSFELD LLP**
1200 17th St NW Suite 600,
Washington, DC 20036
T: 202.540.7200
jpizzirusso@hausfeld.com

*Counsel for Plaintiffs and the Proposed
Class*

27

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 24, 2025, I electronically filed the foregoing document(s) using the Court's electronic filing system, which will notify all counsel of record authorized to receive such filings.

Date: April 24, 2025        Respectfully Submitted,

By:    /s/*Parker Stinar*
        Parker Stinar
        Michael Grieco
        Bryce Hensley
        **STINAR GOULD GRIECO & HENSLEY, PLLC**
        101 N. Wacker Dr., Floor M
        Suite 100
        Chicago, Illinois 60606
        T: (312) 728-7444
        parker@sgghlaw.com
        mike@sgghlaw.com
        bryce@sgghlaw.com

1