**EXHIBIT A**

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| JANE DOE 1, and JANE DOE 2, on behalf of themselves and all others similarly situated,<br><br>              Plaintiffs,<br><br>vs.<br><br>MATTHEW WEISS; the REGENTS OF THE UNIVERSITY OF MICHIGAN; the UNIVERSITY OF MICHIGAN; KEFFER DEVELOPMENT SERVICES, LLC,<br><br>              Defendants. | Case No. 25-CV-10806<br>Hon. Mark A. Goldsmith<br>Mag. Elizabeth A. Stafford<br><br>**[proposed] ORDER GRANTING MAJORITY PLAINTIFFS' AMENDED MOTION TO CONSOLIDATE CASES AND APPOINT INTERIM CO-LEAD <u>COUNSEL</u>** |
| JANE DOE 1-40 AND MCKENZIE JOHNSON,<br><br>              Plaintiffs,<br><br>vs.<br><br>MATTHEW WEISS; the UNIVERSITY OF MICHIGAN BOARD OF REGENTS; the UNIVERSITY OF MICHIGAN; KEFFER DEVELOPMENT SERVICES, LLC,<br><br>              Defendants. | Case No. 25-CV-10855<br>Hon. Mark A. Goldsmith<br>Mag. Elizabeth A. Stafford |

| | |
|---|---|
| JANE ROE CLF 001, | Case No. 25-CV-10870 |
|               Plaintiff, | Hon. Mark A. Goldsmith |
| vs. | Mag. Elizabeth A. Stafford |
| MATTHEW WEISS; the UNIVERSITY OF MICHIGAN; the REGENTS OF THE UNIVERSITY OF MICHIGAN; KEFFER DEVELOPMENT SERVICES, LLC, | |
|               Defendants. | |
| JANE DOE, | Case No. 25-CV-10876 |
|               Plaintiff, | Hon. Mark A. Goldsmith |
| vs. | Mag. Elizabeth A. Stafford |
| the UNIVERSITY OF MICHIGAN BOARD OF REGENTS; KEFFER DEVELOPMENT SERVICES, LLC; MATTHEW WEISS, | |
|               Defendants. | |
| JANE DOE 1-11, | Case No. 25-CV-10946 |
|               Plaintiffs, | Hon. Mark A. Goldsmith |
| vs. | Mag. Elizabeth A. Stafford |
| the REGENTS OF THE UNIVERISTY OF MICHIGAN; the UNIVERSITY OF MICHIGAN; KEFFER DEVELOPMENT, LLC; MATTHEW WEISS, | |
|               Defendants. | |

2

| | |
|---|---|
| JANE DOE,<br><br>                Plaintiff,<br>vs.<br><br>the BOARD OF REGENTS OF THE UNIVERSITY OF MICHIGAN; KEFFER DEVELOPMENT SERVICES, LLC; MATTHEW WEISS,<br><br>                Defendants. | Case No. 25-CV-10951<br>Hon. Mark A. Goldsmith<br>Mag. Elizabeth A. Stafford |
| JANE DOE 1-3,<br><br>                Plaintiffs,<br>vs.<br><br>MATTHEW WEISS; the REGENTS OF THE UNIVERSITY OF MICHIGAN; the UNIVERSITY OF MICHIGAN; KEFFER DEVELOPMENT SERVICES, LLC,<br><br>                Defendants. | Case No. 25-CV-10988<br>Hon. Mark A. Goldsmith<br>Mag. Elizabeth A. Stafford |
| STUDENT DOE, on behalf of herself and all others similarly situated,<br><br>                Plaintiff,<br>vs.<br><br>MATTHEW WEISS; the REGENTS OF THE UNIVERSITY OF MICHIGAN BOARD; the UNIVERSITY OF REGENTS, MICHIGAN; KEFFER DEVELOPMENT SERVICES, LLC, | Case No. 25-CV-10999<br>Hon. Mark A. Goldsmith<br>Mag. Elizabeth A. Stafford |

|  |  |
|---|---|
| and MATTHEW WEISS,<br><br>   Defendants. |  |

### [PROPOSED] ORDER GRANTING MAJORITY PLAINTIFFS' AMENDED MOTION TO CONSOLIDATE CASES AND APPOINT INTERIM CO-LEAD COUNSEL

This matter is before the Court on Plaintiffs' Amended Motion to Consolidate Cases and Appoint Parker G. Stinar of Stinar, Gould, Grieco, & Hensley, P.L.L.C. ("SGGH"), James Pizzirusso of Hausfeld LLP ("Hausfeld"), and J. Gerard Stranch, IV of Stranch, Jennings & Garvey, PLLC ("SJG") as "Interim Co-Lead Counsel" and further to form an Executive Committee and appoint to it Gary Klinger of Milberg PLLC; Raina Borrelli of Strauss Borrelli PLLC; Aimee W. Wagstaff of Wagstaff Law Firm; David L. Selby, II of Bailey Glasser, LLP; and Patrick Lannen of SGGH, in addition to appointing Nathan Fink of Fink Bressack PLLC as Liaison Counsel (the "Motion"). The Court has reviewed the Motion and finds that it should be granted for good cause and for the reasons stated in the Motion.

Accordingly, the Court orders that Plaintiffs' Motion is granted. The Court orders as follows:

1. Case Nos. 25-cv-10855, 25-cv-10870, 25-cv-10876, 25-cv-10946, 25-cv-10951, 25-cv10988, and 25-cv-10999 are consolidated for all purposes under Federal Rule of Civil Procedure 42(a), and the consolidated cases shall proceed under this case number, Case No. 25-cv-10806;

4

2. Defendants are not required to respond to the initial complaints in these cases or in later filed cases transferred to this Court as companion cases, all of which shall be defined as "<u>Related Cases</u>."

3. Pursuant to Rule 42, the Court also orders as follows to organize these Related Cases:

   a. Plaintiffs in the Consolidated Action shall file an operative Consolidated Class Action Complaint within thirty (30) days.

   b. Plaintiffs may amend such complaint within thirty (30) days by right following both (a) entry of any order(s) for expedited discovery and/or compelling Defendants to disclose any information pertaining to the nature and scope of any data breach, and (b) Defendants having complied with any such Order, should the Court enter one;

   c. Defendants will file a responsive pleading to the Consolidated Complaint within forty-five (45) days of such filing or any amendment thereto as set forth above;

   d. if any Defendant(s) respond by way of motion, Plaintiffs will have thirty (30) days to oppose such motion, and such Defendant(s) will have twenty-one (21) days to reply;

   e. the Parties will confer under Federal Rules of Civil Procedure 16 and 26 within fourteen (14) days of Plaintiffs filing the Consolidated Complaint; and

   f. the Parties will submit a Joint Rule 26(f) Report and make the required initial disclosures pursuant to Federal Rule of Civil Procedure 26(a) within 14 days after conferring under Federal Rule of Civil Procedure 26.

4. The Court hereby appoints the following leadership structure:

   a. <u>Co-Lead Counsel</u>:

      i. Parker Stinar of Stinar, Gould, Grieco & Hensley;

5

   ii. James Pizzirusso of Hausfeld LLP;

   iii. J. Gerard Stranch, IV of Stranch, Jennings & Garvey, PLLC.

   b. <u>Plaintiffs' Executive Committee:</u>

   i. Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman, PLLC;

   ii. Aimee W. Wagstaff of Wagstaff Law;

   iii. David L. Selby, II of Bailey Glasser, LLP;

   iv. Raina Borrelli of Strauss Borrelli PLLC; and

   v. Patrick Lannen of Stinar, Gould, Grieco & Hensly, P.L.L.C.;

   c. <u>Plaintiffs' Liaison Counsel:</u>

   i. Nathan Fink of Fink Bressack PLLC.

5. The Plaintiffs' Executive Committee shall from time to time consult with Co-Lead Counsel in coordinating Plaintiffs' pretrial activities and in planning for trial.

6. Interim Co-Lead Class Counsel shall be generally responsible for coordinating the activities of plaintiffs during pretrial proceedings and shall:

   a. present (in briefs, oral argument, or such other fashion as may be appropriate, personally or by a designee) to the Court and opposing parties the position of the putative Class on all matters arising during pretrial proceedings in consultation with the Executive Committee;

   b. coordinate the initiation and conduct of discovery on behalf of the putative Class consistent with the requirements of Federal Rules of Civil Procedure 26(b)(1), 26(2), and 26(g), including the preparation of joint interrogatories, requests for production of documents, and the examination of witnesses in depositions;

6

c. conduct settlement negotiations on behalf of the putative Class, but not to enter binding agreements except to the extent expressly authorized by the Executive Committee and the Court;

d. delegate tasks to other plaintiffs' counsel as needed and appropriate in a manner to ensure that pretrial preparation is conducted efficiently and effectively, including potential formation of additional committees with Court authorization;

e. negotiate and enter into stipulations with opposing counsel as necessary for the conduct and efficient advancement of the litigation;

f. prepare and distribute periodic status reports to the parties;

g. monitor the activities of all counsel to ensure that schedules and litigation deadlines are being met and unnecessary expenditures of time and funds are avoided;

h. ensure that all counsel comport with the billing and expense protocol being used by the leadership team and that will be submitted to the Court for approval;

i. perform such other duties as may be incidental to the proper coordination of pretrial activities or authorized by further order of this Court;

j. maintain and distribute to cocounsel and to defendants' counsel an up-to-date service list;

k. receive and, as appropriate, distribute to co-counsel orders from the court and documents from opposing parties and counsel;

l. Communicate with defense counsel as necessary to promote the efficient advancement of this litigation;

m. maintain and make available to co-counsel at reasonable hours a complete file of all documents served by or upon each party except such documents as may be available at a document depository;

    n. establish and maintain a document depository; and

    o. perform all other duties or tasks as are necessary to the prosecution of this matter on behalf of the putative Class.

7. No communication among plaintiffs' counsel shall be taken as a waiver of any privilege or protection to which they would otherwise be entitled.

8. This Order shall apply to the Consolidated Action, and all subsequently filed cases deemed companion cases and transferred to this Court arising out of the same set of operative facts that include the Defendants.

**IT IS SO ORDERED**.

Dated:                                               s/_____
                                                        United States District Court Judge