UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

JANE DOE 1, and JANE DOE 2,

Plaintiffs,

vs.

MATTHEW WEISS; the REGENTS

OF THE UNIVERSITY OF

MICHIGAN; the UNIVERSITY OF

MICHIGAN; KEFFER

DEVELOPMENT SERVICES, LLC,

Defendants.

Case No. 2:25-cv-10806

## DEFENDANT'S MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT PURSUANT TO RULE 55(c)

Pro se defendant Matthew Weiss respectfully moves this Court to set aside the Clerk's entry of default entered on June 5, 2025 pursuant to Federal Rule of Civil Procedure 55(c). The default was entered despite the fact that Plaintiff never properly served Defendant. Defendant appears solely for the purpose of contesting the entry of default and challenging the sufficiency of service and expressly reserves all defenses, including those related to personal jurisdiction.

## FACTUAL BACKGROUND

1. Plaintiff filed the Complaint on **March 21, 2025**.

2. On **April 28, 2025**, Plaintiff attempted to serve Defendant by certified mail. The mail was signed for by a postal clerk in a state where Defendant does not reside. Defendant never received the package. Defendant was not served through any other authorized method.

1

3. Plaintiff waited **18 days** before filing a proof of service with the Court on **May 14, 2025** (Exhibit A).

4. Plaintiff then waited **21 more days** and requested a Clerk's Entry of Default on **June 3, 2025**, relying solely on the erroneous delivery record.

5. On **June 2, 2025**, the United States Postal Service mailed a certified letter to STINAR GOULD GRIECO & HENSLEY, PLLC along with the original, unopened service documents (Exhibit B). The letter explains that the package was never delivered. Specifically, the letter states that the mail for the intended address, at which the defendant does not reside, was on hold at the time it was received.  And, a postal employee incorrectly signed for the certified letter and mixed it in with regular mail whereupon it was misdelivered and then returned to the post office.

6. The Clerk entered default on **June 5, 2025**.

7. On **June 9, 2025, at 9:28 a.m.**, the Postal Service's letter and original unopened documents were delivered to the front desk or mailroom of STINAR GOULD GRIECO & HENSLEY, PLLC (Exhibit C).  Upon contacting the post office where the invalid service was signed for, defendant was provided the above explanation along with the following USPS tracking number for the unopened package and Postal Service letter sent to STINAR GOULD GRIECO & HENSLEY, PLLC: **9114 9022 0078 9604 5251 56.** The lead clerk did not have a copy of the letter sent to Mr. Stinar available, but the Defendant is still working to obtain a copy and will submit the letter to the Court if it is received prior to filing this motion.

8. As of the date of this filing, Plaintiff has not withdrawn or amended the proof of service, has not moved to vacate the default, and has not informed the Court that the service upon which the default rests was conclusively invalid.

**ARGUMENT**

**I. The Default Must Be Set Aside for Good Cause Under Rule 55(c)**

Federal Rule of Civil Procedure 55(c) provides that a court may set aside an entry of default for "good cause." Courts apply this standard liberally, particularly where a default is based on improper service or lack of notice, which implicate basic due process rights.

Here, it is undisputed that Defendant was not served in accordance with Rule 4. The United States Postal Service — the very entity relied upon to confirm delivery — has formally disavowed the original delivery confirmation, returned the service materials unopened, and expressly stated that Defendant never received them. Furthermore, the signature on the certified mail that the plaintiff submitted to the Court does not match the name of the Defendant. And, the Defendant has not entered the state where the plaintiff attempted service at any time this year.

The Court lacks personal jurisdiction over an unserved defendant, and entry of default under these circumstances cannot stand.

**II. Plaintiff's Strategic Use of the Default Raises Serious Concerns**

Mr. Stinar accurately describes himself in court filings and in his own bio as "a nationally recognized trial attorney… with extensive experience in complex litigation" amongst numerous other professional accomplishments. Given Mr. Stinar's legal background, the filing of a default request while relying solely on a facially defective delivery record, raises significant questions.

Even more troubling, after receiving the Postal Service's letter confirming defective service on the morning of June 9, 2025, Plaintiff took no corrective action.

A new series of media reports was initiated shortly after the default was entered. This sequence suggests that the default was used not to advance the merits of the case, but as a strategic tool to create pressure, public visibility, and procedural leverage. There may also be other tactical advantages gained via this strategy that the pro se defendant does not fully understand but that the Court may recognize.

A default judgment is a powerful sanction. Defendant respectfully requests that the Court not allow it to be used as a weapon — especially where the moving party knew or should have known that service was defective and that the default was not properly grounded.

**CONCLUSION**

For the foregoing reasons, Defendant respectfully requests that the Court:

1. Set aside the Clerk's Entry of Default entered June 5, 2025, pursuant to Rule 55(c); and

2. Grant such other and further relief as the Court deems just and proper.

This motion is submitted solely to contest the entry of default and the sufficiency of service. Defendant expressly reserves all rights and defenses, including objections to personal jurisdiction and proper service under Rule 4.

**DATED:** June 12, 2025

Respectfully submitted,

**Matthew Weiss**

**2075 W Stadium Blvd #1066**

**Ann Arbor, MI 48106**

**Pro Se Defendant**

---

**Attachments:**

- **Exhibit A** – USPS Tracking and Delivery Confirmation showing April 28 delivery to state in which the defendant does not reside with signature belonging to a postal carrier. This document is already on file with the Court. It was submitted by the plaintiff as proof of service.

- **Exhibit B** – USPS letter from postmaster sent to STINAR GOULD GRIECO & HENSLEY, PLLC explaining service failure.

- **Exhibit C** – USPS Tracking and Delivery Confirmation showing above letter (Exhibit B) and unopened contents of original package were received by STINAR GOULD GRIECO & HENSLEY, PLLC at 9:28am on June 9, 2025.

- **Certificate of Service** – Confirming this motion and all exhibits will be mailed to Mr. Stinar on June 12, 2025.

---