UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JANE DOE 1 and JANE DOE 2,

        Plaintiffs,

vs.

MATTHEW WEISS; the REGENTS OF THE UNIVERSITY OF MICHIGAN; the UNIVERSITY OF MICHIGAN; KEFFER DEVELOPMENT SERVICES, LLC,

        Defendants.

Case No. 2:25-CV-10806
Hon. Mark A. Goldsmith

## PLAINTIFFS' RESPONSE TO DEFENDANT WEISS'S MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT

**I.   Factual Background**

**A. Service.**

On March 21, 2025, Plaintiffs filed this action against Defendants. On April 15, 2025, Plaintiffs attempted to serve Defendant Matthew Weiss at 1310 Glendaloch Circle, Ann Arbor, Michigan 48104, believed to be his home address. **Exhibit A**. At the same time, Plaintiffs, using a paid for service, also attempted to serve Weiss at an address in Madison, Connecticut, also showing to be one of his homes. **Exhibit B**. The Ann Arbor service attempt was returned with the note "No Authorized Recipient Available." **Exhibit A**. The Connecticut service attempt

1

returned showing successful service and stating "Delivered, Left with Individual," on April 28, 2025, recipient name "Mr Matthew Weiss," and a signed signature block. **Exhibit C**. Plaintiffs filed this proof of service on May 14, 2025, the day after they received it. *Id*. None of this is controversial.

### B. Default.

On June 3, 2025, Plaintiffs, in accordance with the local and Federal Rules, filed a request for entry of default (ECF No. 60). The Clerk entered the Default on June 5, 2025 (ECF No. 64).

### C. Motion.

On June 12, 2025, Weiss filed the Motion to Set Aside the Default claiming that the Court lacks "personal jurisdiction" over an "unserved" Defendant. Mot. at 3, PageID.2209. Weiss argues that the Default should be set aside for "good cause" under Federal Rule of Civil Procedure 55(c).

In Weiss's Motion, Weiss included a particularly unusual notice from the U.S. Postal Service explaining that the service package was not delivered and the proof was made in error. The letter explained that the *postal employee* responsible for delivering the certified mail to Weiss had mixed the certified letter in with the regular mail and signed. *See* **Exhibit D.** The Motion alleges that the same notice was delivered to the Plaintiffs on June 9, 2025, and the default was improper. It may have been delivered to the building mailroom on June 9, 2025, but it did not reach the

undersigned until June 13, 2025. Regardless, whether June 9 or June 13, receipt was after Plaintiffs filed their request for and the Clerk entered a Default.

Plaintiffs had no indication that the return receipt was mistakenly signed and returned,[1] other than the attachment in Defendant's Motion on June 12, 2025, which was received by the undersigned the following day. Stated differently, Plaintiffs did not receive that unusual notice from the Postal Service until the day after Weiss filed his Motion.

### D. Additional Service Attempts.

Using the new Ann Arbor address in Weiss's Motion, Plaintiffs immediately made additional service attempts, assuming without conceding Weiss did not actually know of the claims against him here. It also bears mention that Weiss has been served by others in this consolidated case, and that dozens of attempts to call, personally server, email, and deliver through his criminal defense attorney have been made and have all gone without response.

The new additional address is a P.O. Box. This service attempt is also timely, as it is within the 90-day period provided by Federal Rule of Civil Procedure 4. Along with the service package, Plaintiffs included a letter, attached as **Exhibit E**. The letter encouraged Weiss to contact Plaintiffs' attorneys who expressed a desire to discuss and resolve the default. As of filing this Response, the service package

---

[1] At least according to the documents from U.S. Postal Service.

delivered to the P.O. Box has not been retrieved. The tracking number and status for that service package is attached as **Exhibit F**.

Further, Plaintiffs conducted a Westlaw search and discovered that Weiss was served with other complaints at an address associated with a Senior Living Facility in Ann Arbor. Plaintiffs have also attempted to reach Defendant Weiss via phone, email, including contacting his criminal defense attorney but to no avail. Multiple times throughout the service period, Plaintiffs' counsel has researched, evaluated, and attempted service on Weiss. Weiss continues to evade service, assuming the signed for package was a U.S. Postal Service employee.

Plaintiffs also attempted personal service at Weiss's Ann Arbor home on 1310 Glendaloch Circle. A woman in the home stated that Weiss no longer resides there. These service efforts, along with those ongoing, are outlined in an Affidavit signed by Plaintiffs' process server (**Exhibit G**) which includes photos of the residence (**Exhibit G1**).

### E. Actions Showing Weiss is Still Evading Service.

Weiss has been evading service even though he clearly knows about this case. When efforts to comply with service requirements are met with avoidance, run-arounds, and disregard for the Court's limited time and resources, it must be met with sufficient boundaries. The Court should deny Defendant Weiss's Motion to Set

Aside Clerk's Entry of Default Pursuant to Rule 55(c) (referred to herein as the "Motion").

As more fully explained below, Weiss's Motion provided a new address and Plaintiffs' service package is awaiting pick up at that address. Plaintiffs have made substantial effort to effectuate service upon Weiss and his response to the default shows how that service was reasonably calculated to apprise Weiss of these claims.

Based on the standard in reviewing a Motion to Set Aside Default, all factors—including prejudice to the Plaintiffs, the lack of a meritorious defense, and the Defendant's culpable conduct—weigh against setting aside the default. Finally, Defendant's allegations are inconsistent with the factual record. Weiss's claims regarding the nature of Plaintiffs' Motion for Entry of Default, based on alleged and hard-to believe third-party errors in service of process, are unwarranted and inflammatory.

For these reasons, Weiss's Motion should be denied unless Weiss otherwise accepts service. Weiss knows he is in default, yet he is refusing to accept service and is otherwise avoiding service of process. The Motion should be denied.

## II.    LEGAL STANDARD

Service must be "reasonably calculated under the circumstances to inform interested parties of a pending action and give them an opportunity to respond." *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950). Rule 4(c)

provides that compliance with service of process generally requires that a non-party adult delivers a copy of the complaint and summons to the defendant within 90 days of filing a complaint. Fed. R. Civ. P. 4(c), (m). Service can also be effective via state-law service methods. *Id*. at (e). One means of this delivery is via certified mail with restricted delivery and return receipt. The Postal Service will return the certified receipt to the Plaintiffs to be filed as proof of service. *See id.* at (l).

Rule 55(c) provides that a "court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). When a party moves to set aside a default, courts consider "(1) whether the opposing party would be prejudiced; (2) whether the proponent had a meritorious claim or defense; and (3) whether the proponent's culpable conduct led to the default." *United Coin Meter Co., Inc. v. Seaboard Coastline RR.*, 705 F.2d 839, 845 (6th Cir. 1983) (citing *Farnese v. Bagnasco,* 687 F.2d 761 (3d Cir. 1982)).

*Here*, Weiss is clearly evading service. Weiss cannot rely upon a supposed Postal Service error to avoid service. The service package awaits him right now at the P.O. Box address Weiss provided in his own Motion. Weiss's attempt to avoid service should not be acquiesced by setting aside the default since his culpable conduct of avoidance led to the entry of the default. Service efforts were constitutional in that they provided notice to Weiss of the case against him with an opportunity to respond to those claims.

Now that Weiss has engaged in this matter by way of this Motion, he has received notice of the suit. This was the first time he has felt compelled to engage in the suit against him despite numerous efforts by Plaintiffs to contact him. If the service package is retrieved, Defendant will be deemed properly served. Plaintiffs have been willing to avoid this motion practice by resolving the issue of default with Weiss personally. Setting aside the default would permit Weiss and other defendants to dodge and weave through the service period in the face of resolution.

All the factors discussed in *United Coin Meter Co, Inc.* weigh against setting aside the entry of default. First, Plaintiffs would be prejudiced since service has been attempted at all known addresses including the one listed in Defendant's Motion where Plaintiffs sent a letter willing to discuss the default. Second, Defendant has not presented a meritorious claim or defense from the moment the valid default was entered until the unusual notice was sent from the Postal Service. Third, Defendant's culpable conduct led to the default since he continues to evade service at his residence, childhood home, other known addresses, and the address provided in his Motion. Finally, the clear factual record discredits Weiss's other claims of bad faith.

### III. Plaintiffs would be prejudiced if service is found ineffective and the default is set aside.

Deeming service improper, while the Plaintiffs' proper service awaits pick up at Weiss's P.O. Box, would prejudice Plaintiffs. Unnecessarily prolonging the default

entered on this case by failing to retrieve the service package delivered to the P.O. Box limits Plaintiffs' ability to move this litigation forward.

Given that the address provided is a P.O. Box, there are no other steps Plaintiffs can take to force Defendant Weiss's hand to pick up the package. The requirements of service are still met, even though the package is waiting at the post office. The package was sent within the 90-day service period and includes a copy of the summons and complaint. The package included a letter of intent to discuss the entry of default with Plaintiffs' counsel to avoid this very motion practice and move the litigation along.

Plaintiffs will be prejudiced if the Default is set aside and Weiss continues to evade service forcing Plaintiffs to expend time and resources better directed to advancing this case.

**IV. Defendant Weiss Did Not Present a Meritorious Defense in His Motion Even though Plaintiffs were Sufficient to Apprise Weiss of the Claims Against Him.**

Weiss has not presented any "good cause" for his evasion of service, and his claims that service was knowingly improper are false. Weiss presented no meritorious defense to his default since service efforts were sufficient to make him aware of the claims against him and a valid service package awaits him at a third address. Plaintiffs' Request for default was deemed valid based on the timing of

service and the lack of response from Weiss. Weiss did not argue prejudice in his Motion to Set Aside, as there is none.

Further, the assertions in his motion are incorrect. First, Weiss asserts that Plaintiffs "ha[ve] [(sic)] not withdrawn or amended the proof of service" and "took no corrective action." This is false. Even though Weiss has avoided retrieving the updated service package from the P.O. Box, Plaintiffs have nonetheless continued attempts to serve Weiss at all known addresses and attempted to contact Weiss by phone. Plaintiffs' attorneys made clear their attempts and willingness to resolve the entry of default within that service package.

Weiss claims that the "facially defective delivery record" is not only untrue it is an inadequate basis for entry of default. The record was not *facially* defective to either party until receipt of the notice from the Postal Service. After the Motion was filed, Plaintiffs acted urgently to serve the Defendant at what was presented as a proper address, provided an opportunity for resolution of the default, and began preparing this Response.

Plaintiffs have not "moved to vacate the default, and ha[ve] [(sic)] not informed the Court that the service upon which the default rests was conclusively invalid" because the Plaintiffs were not aware of the allegedly faulty proof of service until the day after the Motion was filed. Mot. at 3, PageID.2209. Weiss provided a new address in the Motion, at which he still avoids service. Upon receipt of this

9

Motion, Plaintiffs immediately initiated yet another attempt at service on Weiss at the address provided. If Weiss is set on communicating solely through procedural barriers based on his avoidance of service, entry of default is the only means to establish contact with Weiss.

Weiss claims that the signature on the proof of service does not match the name of Weiss. It is generally known that signatures are often not legible as exactly the individual's name. This proof of service was deemed valid when filed with the Court. Further, there is no reliable way for Plaintiffs to know that "the Defendant has not entered the state where the plaintiff attempted service at any time this year." Mot. at 3, PageID.2209.

## V. Defendant's Culpable Conduct led to the Entry of Default and its Ongoing Validity.

Weiss's own conduct maintains this default. The Plaintiffs made necessary efforts to serve Weiss at his marital home, childhood home, and his P.O. Box. Service efforts are ongoing. Plaintiffs made a clear effort to resolve the issue of Default with Weiss in a letter which awaits hm in his P.O. Box. Weiss knows about the suit, the service package is waiting for him in his P.O. Box, and Plaintiffs have attempted to contact Weiss through multiple means.

## VI. Weiss's claim that Plaintiffs acted in bad faith is unwarranted based on the factual record.

Weiss's Motion calls into question the intent of Plaintiffs' counsel and their actions. These claims are unnecessary and not supported by the facts on the record.

Weiss is correct in claiming that Plaintiffs' counsel is experienced, accomplished, and has an extensive background in complex litigation like this very matter. Mot. at 3-4, PageID.2209-10. However, Defendant is false in claiming that the "weapon" of default is not used where "the moving party knew or should have known that service was defective and that the default was not properly grounded." Mot. at 5, PageID.2211. This implies that Plaintiffs turned a blind eye to the mistakes made by a third party in effectuating service and ignored clear procedural safeguards. This will never be the case for Plaintiffs' counsel. Plaintiffs' counsel has every interest in alerting the parties involved and properly advancing the claims of injured parties who claim severe injury based on the pervasive conduct of Weiss and the other Defendants.

It was improper for Weiss to assert that Plaintiffs used the entry of default to "create pressure, public visibility, and procedural leverage." Mot. at 4, PageID.2010. Plaintiffs were and are willing to discuss and resolve the entry of default. Proper exercise of a procedural right made on a timely basis is not for the purposes of visibility or leverage, none of which is an issue in this very public case with many interested parties. That default was entered based on Plaintiffs' best available proof of service, which was signed and returned. The alleged mistake by a Postal Service worker resulted is not salvation for Weiss. To be clear, the facts of this case and the high-profile nature of the parties do not require "visibility" by way of an entry of

Default, particularly when it was filed in good faith. In fact, the "pressure" grows on Plaintiffs' counsel to advocate for justice of injured parties in a proper and efficient manner.

Additionally, Plaintiffs have no hand in how the media handles developments in this case. The "sequence" of media reports following entry of default that Weiss alleges to be suspicious was not of fault or knowledge to Plaintiffs. Mot. at 4, PageID.2210. Weiss's claims of bad faith against Plaintiffs' counsel ignore evidence of good faith effort and commitment of Plaintiffs' counsel to following the Court Rules and providing all parties with notice and an opportunity to be heard.

## VII. CONCLUSION

Weiss waited until a default was entered to take action. Even still, Plaintiffs served Weiss at the address provided in his Motion. As of the filing of this Response, the papers have yet to be retrieved from the post office address. Importantly, Defendant's filing of the Motion and providing the address was all but a waiver of his personal jurisdiction right. Plaintiffs were also in compliance with service requirements upon initiating service on Weiss at the address provided in his Motion. Finally, any claims that question Plaintiffs counsel's character or allege bad faith in service requirements ignore clear factual developments and, therefore, should be rejected.

To better understand the claims against him, Weiss should pick up the service package awaiting him at the address provided in his Motion. Plaintiffs are willing to agree to set aside the Default if the Court deems Weiss properly served or Weiss accepts service. Unless and until one of those conditions occur, maintaining the default and the threat of Default Judgment is the only thing that will make Weiss respond to the serious and well-founded allegations against him. Plaintiffs are eager to move forward for the affected parties, their families, and the concerned public. Weiss's deliberate attempts to evade service and false claims against Plaintiffs' counsel will not deter Plaintiffs' commitment to a proper resolution.

WHEREFORE, Plaintiffs' request that the Court either (1) deem Weiss properly served and set aside the Default, (2) deny Defendant's Motion to Set Aside unless and until Weiss accepts proper service and states a meritorious defense, or (3) enter the Order attached as **Exhibit H** directing Defendant Weiss to retrieve the service package at the address provided in the Motion and reject future attempts by Defendant Weiss to object to personal jurisdiction as it relates to this matter.

Dated: June 26, 2025                                    Respectfully Submitted,

*/s/ Parker G. Stinar*
Parker G. Stinar (P75252)
Patrick C. Lannen (P73031)
**STINAR GOULD GRIECO
& HENSLEY, PLLC**

13

550 W. Merril St., Ste. 240<br>
Birmingham, MI 48009<br>
Parker@sgghlaw.com<br>
Patrick@sgghlaw.com<br>
Counsel for Plaintiffs

## PROOF OF SERVICE

I hereby certify that on June 26, 2025, I electronically filed the foregoing documents with the Clerk of the Court using the ECF System which will send notification of such filing to all counsel of record.

I further certify that on June 26, 2025 copies of the foregoing were served on the following party by First-Class Mail, as follows:

**Matthew Weiss, Defendant**

2075 W. Stadium Blvd. #1066

Ann Arbor, MI 48106

/s/ Parker G. Stinar
Parker G. Stinar P75252