UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JANE DOE 1 and JANE DOE 2, et al.

          Plaintiffs,

vs.

MATTHEW WEISS; the REGENTS OF THE UNIVERSITY OF MICHIGAN; the UNIVERSITY OF MICHIGAN; KEFFER DEVELOPMENT SERVICES, LLC,

          Defendants.

Case No. 2:25-CV-10806
Hon. Mark A. Goldsmith

## CORRECTED REPLY IN SUPPORT OF MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT

### I. Introduction

Defendant Matthew Weiss respectfully submits this reply in support of his motion to set aside the clerk's entry of default. Plaintiffs do not dispute that the original service relied upon to obtain the default was invalid. Nor do they claim that Defendant had actual notice of this lawsuit before that default was entered. Those two points alone resolve the issue under settled law.

Instead of withdrawing the default when the service error came to light, Plaintiffs filed a lengthy opposition filled with speculation about evasion, unsupported claims of outreach, and ad hominem remarks. Defendant will try not to respond in kind.

### II. The Default Must Be Set Aside as Void

There is no dispute that:

- Defendant never resided at the address where the original service was attempted;

- The signed postal receipt was not signed by Defendant and did not result in actual notice;
- The U.S. Postal Service confirmed that the mailing was misdelivered and signed in error;
- Plaintiffs were notified of this error well before filing their opposition.

Because service was ineffective, the clerk's default is void under Rule 55(c).

### III. Defendant Has Not Evaded Service

Plaintiffs accuse Defendant of evasion. The record shows the opposite.

- Defendant has not lived at 1310 Glendaloch Circle for more than three years. The individual who answered the door was not a resident of Defendant's household. The Plaintiff's affidavit further states that the process server attempted to reach the Defendant by phone on June 23rd. The Defendant did receive a missed call from an unknown number on June 23rd. Immediately thereafter, the Defendant also received a text message from the same number that reads only "Hey Matt" (Exhibit A). The text did not identify the sender as a process server, reference this case, or express any reason for making contact at all. Although the affidavit says the process server attempted to contact the Defendant "by telephone" on June 25, Defendant could not find any record of a missed call or text on that date from the same number.
- The Connecticut address is his parents' home. The Defendant never resided there.
- The PO Box was listed for mailing purposes in Defendant's pro se filing, which was docketed on June 12, 2025. Plaintiffs state they mailed a new service package to that PO Box on June 13th which arrived several days later. Defendant is not evading a PO

>    Box, and the idea that he is doing so after voluntarily appearing in this case is unsupported.
> - On June 12th — after Defendant submitted the motion to set aside the clerk's entry of default — Defendant received a voicemail from a process server stating that the purpose of the call was to deliver legal documents. Defendant replied via text and agreed to meet and receive the legal documents. The text exchange is attached (Exhibit B). At that meeting, Defendant accepted service from another plaintiff in the consolidated action.

These facts are not consistent with evasion. They are consistent with a pro se defendant who received notice, appeared, and acted in good faith.

### IV. Plaintiffs' Strategic Use of Default

Rather than acknowledge that the default was based on faulty service, withdraw it voluntarily, or request an extension of time to serve the Defendant, Plaintiffs issued a public statement and then filed a 14-page opposition brief.

They now take the position that a resolution of the default is contingent upon discussions with them or acceptance of service. But, the Federal Rules are clear; a default based on invalid service is void, not negotiable.

Whatever Plaintiffs hoped to gain by maintaining a clearly void default, it is not supported by the rules or by the facts.

### V. The Path Forward

Defendant has not evaded the claims. He has voluntarily appeared to contest the default. He has accepted service from another plaintiff in this action. If Plaintiffs believe further service is required under Rule 4, they are free to pursue it. But the default must be set aside, and the

litigation should proceed on the merits—not through procedural pressure.

**VI. Conclusion**

Finally, Defendant notes that after the original motion to set aside default was filed, Plaintiff's lead counsel distributed a statement to the press asserting that service was "properly executed," and that the motion to set aside default was a distraction from criminal charges. A copy of that statement is attached as Exhibit C. Defendant respectfully submits that procedural matters should be addressed through the Court, not through public statements that could be perceived as prejudicial.

For the reasons above, and those stated in the original motion, the pro se defendant respectfully requests that the clerk's entry of default be set aside.

Respectfully submitted,

/s/ Matthew Weiss
Pro Se Defendant
2075 W Stadium Blvd #1066
Ann Arbor, MI 48106

Dated: June 27, 2025

*Defendant notes that the prior filing did not conform to standard formatting rules and will ensure future filings are double-spaced. The above corrected filing is reformatted to double spacing. Proof of service is attached. No other changes were made.