UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JANE DOE 1 and JANE DOE 2, <br><br> Plaintiffs, <br> vs. <br><br> MATTHEW WEISS; the REGENTS OF THE UNIVERSITY OF MICHIGAN; the UNIVERSITY OF MICHIGAN; KEFFER DEVELOPMENT SERVICES, LLC, <br><br> Defendants. | Case No. 2:25-CV-10806 <br> Hon. Mark A. Goldsmith |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT WEISS'S MOTION FOR AN EXTENSION OF TIME TO RESPOND TO THE AMENDED COMPLAINT (ECF No. 79)**

Plaintiffs properly served Defendant Matthew Weiss for the reasons stated in Plaintiffs' response to Weiss's motion to set aside default (ECF No. 73). In Weiss's motion for an extension of time to file a responsive pleading, he admits that he was served with a complaint in one of the eight consolidated cases on June 12, 2025. Mot. at PageID.2475. Nonetheless, on July 1, 2025, Weiss filed the present motion seeking an extension of time to respond to the complaint. (ECF No. 79). Additionally, Weiss represents that he is willing to waive formal service of the Consolidated Complaint, but seeks until September 8, 2025 to answer. Mot. at PageID.2476. He says his "request is made in the interest of judicial efficiency, as

1

the responses of the other defendants are likely to clarify or streamline the legal and factual issues before the Court, and it may eliminate certain claims altogether." *Id*.

But cutting to the chase, Weiss's motion should be moot as a practical matter because of the July 24, 2025, hearing that is set. ECF No. 81. It is the undersigned's hope that Weiss simply picks up the phone or gathers the Complaint and Summons from the PO Box he identified, and accepts service, so that the hearing is avoided altogether.

Absent that, Weiss's motion should be denied because he did not seek concurrence, he has been served, and nothing about this case suggests he should be granted more time.

A.   **Weiss did not seek concurrence under Local Rule 7.1(a).**

Weiss's motion failed to follow Local Rule 7.1(a). That Local Rule requires the following:

> [T]he movant must ascertain before filing whether the contemplated motion or request under Federal Rule of Civil Procedure 6(b)(1)(A) will be opposed. To accomplish this, the movant must confer with the other parties and other persons entitled to be heard on the motion in good faith and in a manner that reasonably explains the basis for the motion and allows for an interactive process aimed at reaching agreement on the matter or those aspects of the matter that can be resolved without court intervention, given the nature of the contemplated motion. The conference must be held sufficiently in advance of filing the motion to allow a good faith interactive exchange aimed at resolving the matter. If the movant obtains concurrence, the parties or other persons involved may make the subject matter of the contemplated motion or request a matter of record by stipulated order.

E.D. LR 7.1(a). Motions filed in violation of Local Rule 7.1(a) are often denied out of hand. *See, e.g.*, *Franklin Cap. Grp., LLC v. Austin Bus. Fin., LLC*, 2022 WL 3703190, at *1 (E.D. Mich. May 12, 2022) (denying motions to dismiss for failure to satisfy Local Rule 7.1(a) and noting that it is not up to the Court to expend its energies when the parties have not sufficiently expended their own).

Here, the service issues, extensions of time, and any other issues could be resolved quickly without requiring the Court to expend its energies if Weiss would respond to the undersigned, through counsel or individually, to discuss these matters. The undersigned sent Weiss a letter on June 13, 2025, as part of one of the many attempts made to serve Weiss, asking him to call attorneys Patrick Lannen or Erik Johnson directly to resolve the default and service issues. *See* **Exhibit A**. He never has. Weiss's actions are serving as an impediment in this case by causing incremental delays which over time, if left unchecked, will threaten to create significant delays. The motion should be denied for this reason alone.

B.      **Weiss has been served.**

Weiss admits that he has been served. Even if he disputes being served with the initial complaint in the first case, he admits being served on June 12, 2025, in one of the consolidated cases. The Consolidated Complaint, representing all cases against Weiss in the Eastern District of Michigan, was filed on June 27, 2025. The Amended pleading obviates the need for Weiss to respond to any of the other

3

complaints in the consolidated action. Instead, Weiss has fourteen days after the amended pleading service to respond. *See* Fed. R. Civ. P. 15(a)(3). Plaintiffs served the Consolidated Complaint on Weiss on June 30, 2025, by mailing it to his last known address. *See* Fed. R. Civ. P. 5 (service is proper by "mailing it to the person's last known address, in which event service is complete upon mailing). Weiss's last known address is the Post Office Box he has provided in his filings. The Consolidated Complaint was served on June 30, 2025. *See* **Exhibit B**. Therefore, under Rule 15, Weiss had until July 14, 2025, to file a responsive pleading to the Consolidated Complaint. He did not. He is once again in default. If he would like more time to respond, he will need to reach out to the undersigned to seek such relief and he will need to provide the undersigned with valid contact information to allow service of future papers and to communicate on other litigation matters.

### C.     **Weiss cannot unilaterally waive service.**

Weiss is mistaken that waiving service at this point is in the interest of judicial efficiency. And he misunderstands the sequence of the proceedings and when events are likely to resolve. He seems to believe that the University of Michigan's and Keffer's responses "are likely to clarify or streamline the legal and factual issues before the Court, and may eliminate certain claims altogether." Mot. at PageID.2476. He is again mistaken. The briefing on Defendants' anticipated motions will not be complete by the time Weiss proposes to file a responsive pleading. The undersigned

strongly encourages Weiss to obtain counsel who can advise him on legal matters if he intends to seriously defend himself in this matter.

Under Rule 4, an individual has a duty to avoid unnecessary expenses of serving the summons. Fed. R. Civ. P. 4(d). To that end, *plaintiffs* can request in writing to a defendant seeking a waiver of service. Fed. R. Civ. P. 4(d)(1). In exchange, if the defendant waives service, the defendant is allowed sixty days to file a responsive pleading. Fed. R. Civ. P. 4(d)(3). Plaintiffs would have made a written request to Weiss to waive service earlier in the case. Now, however, the waiver would delay matters. Plaintiffs are not requesting waiver of service, nor would they entertain a waiver of service at this point, especially because Weiss has already been served. As noted above, if Weiss would like more time to respond to the Consolidated Complaint beyond July 14, 2025, he can reach out to the undersigned seeking accommodation.

## CONCLUSION

Plaintiffs have spent significant time and resources pursuing Weiss. They are happy to entertain reasonable requests, including setting aside the default and modest extensions to respond to the Consolidated Complaint, but not without having a way to reliably communicate with Weiss or his attorney should he ever retain one. Therefore, Plaintiffs oppose any extension of time unless and until Weiss communicates with the undersigned to discuss these matters.

Respectfully Submitted,

By: */s/ Parker Stinar*
Parker Stinar
Patrick Lannen
Erik Johnson
**STINAR GOULD GRIECO & HENSLEY, PLLC**
550W. Merrill Street, Suite 249
Birmingham, Michigan 48009
patrick@sgghlaw.com
(269) 370-1746
erik@sgghlaw.com
(248) 221-8561

Dated: July 15, 2025

**PROOF OF SERVICE**

I hereby certify that on July 15, 2025, I electronically filed the foregoing documents with the Clerk of the Court using the ECF System which will send notification of such filing to all counsel of record.

I further certify that on July 15, 2025 copies of the foregoing were served on the following party by First-Class Mail, as follows:

**Matthew Weiss, Defendant**

2075 W. Stadium Blvd. #1066

Ann Arbor, MI 48106

/s/ Parker G. Stinar
Parker G. Stinar P75252

6