UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JANE DOE 1 and JANE DOE 2,

                 Plaintiffs,               Case No. 2:25-cv-10806

vs.                                  Hon. Mark A. Goldsmith

MATTHEW WEISS; THE REGENTS
OF THE UNIVERSITY OF MICHIGAN;
the UNIVERSITY OF MICHIGAN;
KEFFER DEVELOPMENT SERVICES, LLC,

                 Defendants.

**REPLY IN SUPPORT OF DEFENDANT'S RULE 6(b) MOTION FOR EXTENSION OF
TIME TO RESPOND TO CONSOLIDATED COMPLAINT**

Pro se Defendant Matthew Weiss respectfully submits this brief reply in support of his

motion for extension of time (ECF No. 79). Defendant appreciates Plaintiffs' response (ECF No.

82) and addresses the pertinent issues below, while reaffirming the request for a reasonable

extension aligned with the case's consolidated posture.

**I. Concurrence Under Local Rule 7.1(a)**

Plaintiffs correctly note the requirement to seek concurrence prior to filing. As a pro se

litigant, Defendant acknowledges this oversight and regrets any procedural irregularity. The

service dispute and lack of established communication channels posed challenges, but Defendant

is committed to cooperative resolution and welcomes direct discussions to streamline matters, as

suggested in Plaintiffs' filing. To facilitate this, Defendant has emailed Mr. Stinar, Mr. Lannen,

and Mr. Johnson concurrent with this filing.

1

## II. Service Status and Procedural Record

Notably, Plaintiffs' response (ECF No. 82) does not reiterate earlier claims that service of the original complaint was properly executed or that Defendant evaded service. Instead, Plaintiffs now assert that service is complete via a package mailed on June 30, 2025 to Defendant's P.O. Box that arrived on July 3, 2025 (Exhibit A). Plaintiffs contend that a new answer deadline ran from the date that the package was sent, resulting in a default as of July 14.

Defendant respectfully disagrees that this mailing constitutes valid service under Rule 4 and notes there is no obligation to retrieve certified mail from the post office to effectuate or validate service. By declining to collect improperly served documents, the procedural record is preserved and Plaintiffs are still allowed to effectuate proper service if they choose.

On July 3, 2025, Defendant accepted valid service from another firm representing a different plaintiff in the consolidated action (Former Case No. 2:25-cv-10988). This underscores that proper service was and remains available to Plaintiffs through ordinary diligence. Defendant remains open to cooperative resolution and appreciates that Plaintiffs have now filed a Rule 4(m) motion (ECF No. 83, filed July 16, 2025). While Defendant does not oppose the Court granting appropriate relief under Rule 4(m), he respectfully notes that Plaintiffs' motion does not address prior representations concerning service, evasion, or the procedural basis for default (ECF No. 73). Defendant does not oppose the motion but instead defers to the Court's discretion.

## III. Good Cause for the Requested Extension

Defendant's motion seeks a modest extension tied to the current September 1, 2025 deadline for co-defendants (ECF No. 80). Alignment promotes judicial economy by allowing their responses to inform Defendant's own. As this request remains pending before the Court, Defendant respectfully submits that no new default has occurred under FRCP 15(a)(3) until it is

resolved.  This is Defendant's first request, not sought for delay, and well within the Court's discretion under Rule 6(b). Defendant's earlier waiver of service of the consolidated complaint was a good-faith effort to advance the case while reserving procedural defenses.

**Conclusion**

Defendant respectfully requests that the Court grant the requested extension, setting the response deadline 21 days after co-defendants' current date or whatever date the Court deems appropriate.

Respectfully submitted,

/s/ Matthew Weiss
Pro Se Defendant
2075 W Stadium Blvd #1066
Ann Arbor, MI 48106

Dated: July 16, 2025

**CERTIFICATE OF SERVICE**

I hereby certify that on July 17, 2025, I will serve a copy of the foregoing "REPLY IN SUPPORT OF DEFENDANT'S RULE 6(b) MOTION FOR EXTENSION OF TIME TO RESPOND TO CONSOLIDATED COMPLAINT," as well as all Exhibits on Parker Stinar, STINAR GOULD GRIECO & HENSLEY, PLLC, 550 W. Merril St., Ste 249. Birmingham, MI 48009 by Priority U.S. Mail, postage prepaid.

/s/ Matthew Weiss
Pro Se Defendant
2075 W Stadium Blvd #1066
Ann Arbor, MI 48106