# Exhibit A

Gmail - Cooperative Resolution in Case No. 2:25-cv-10806 - Reply and Recent 4(m) 7/22/25, 9:04 PM



Matthew Weiss <mattwprose@gmail.com>

# Cooperative Resolution in Case No. 2:25-cv-10806 - Reply and Recent 4(m)

**Matthew Weiss** <mattwprose@gmail.com>  Tue, Jul 22, 2025 at 7:19 AM
To: Patrick Lannen <Patrick@sgghlaw.com>
Cc: Erik Johnson <Erik@sgghlaw.com>, Parker Stinar <parker@sgghlaw.com>

> Mr. Lannen,
>
> Thank you for your response and clarification.
>
> To promote efficiency, I acknowledge service of the consolidated complaint as of today, July 22, 2025, consistent with my prior waiver (ECF No. 79), reserving all appropriate defenses under Rules 4(m) and 12(b)(5), and other applicable provisions. Please feel free to email me the filed version of the complaint and proceed with the certificate of service as proposed.
>
> I had understood your offer to set aside the default as an effort to help moot procedural issues ahead of the July 24 hearing. I am not seeking to withdraw my request for an extension in exchange for voluntarily resolving a default that, in my view, was based on improper service.
>
> As noted previously, I believe a response deadline 21 days after the co-defendants' September 1, 2025, date (approximately September 22) best promotes judicial economy by allowing review of their filings. I respectfully disagree that this request exceeds entitlement given the consolidated nature of the case, the procedural history at issue here, and my pro se status.
>
> I defer to the Court's discretion on Plaintiffs' Rule 4(m) motion (ECF No. 83), but to streamline matters in advance of the hearing, I would welcome a joint stipulation reflecting: 1) waiver of service 2) default set aside 3) extension to September 22. I can draft the stipulation if that would be helpful.
>
> I remain open to discussion until the end of the business day today but otherwise defer to the Court's guidance on July 24.
>
> Respectfully,
>
> Matthew Weiss

On Mon, Jul 21, 2025 at 7:25 PM Patrick Lannen <Patrick@sgghlaw.com> wrote:

>> Mr. Weiss,
>>
>> No one suggested you are waiving substantive defenses by accepting service, however, we also did not suggest we would stipulate to set aside the default if you are insisting on more time than the University Defendants to answer. You are not entitled to that much time, and we are not offering that much time. I see two options. A process server can email you and set up service (which seems inefficient) or you simply can acknowledge service (and I can email you a filed-version of the consolidated complaint if you want) and we can file the appropriate paperwork reflecting service at that time.
>>
>> Patrick Lannen

Partner

Stinar Gould Grieco & Hensley

550 W Merrill St, Suite 240
Birmingham, Michigan 48009

Cell: 269-370-1746

Office: (248) 232-7409 and (313) 355-6258

Patrick@SGGHLaw.com

www.SGGHLaw.com



*This e-mail transmission contains information from Stinar Gould Grieco & Hensley, PLLC which may be confidential or protected by attorney-client privilege. If you are not the intended recipient, you are hereby notified that you must not read this transmission and that any disclosure, copying, printing, distribution, or use of any of the information contained in or attached to this transmission is prohibited. If you have received this transmission in error, please notify us immediately by e-mail and delete the original transmission.*

**From:** Matthew Weiss <mattwprose@gmail.com>
**Sent:** Monday, July 21, 2025 11:06 AM
**To:** Patrick Lannen <Patrick@sgghlaw.com>
**Cc:** Erik Johnson <Erik@sgghlaw.com>; Parker Stinar <parker@sgghlaw.com>
**Subject:** Re: Cooperative Resolution in Case No. 2:25-cv-10806 - Reply and Recent 4(m)

Mr. Lannen,

Thank you for your response and the updated proposal. I appreciate Plaintiffs' willingness to voluntarily set aside the default and to file a certificate noting the waiver of service for the consolidated complaint.

To resolve these issues cooperatively and potentially moot portions of the hearing, I accept the waiver certificate and default set-aside, with the understanding that the waiver is as stated in my motion (ECF No. 79) and reserves appropriate defenses. However, as detailed in that motion, I believe a response deadline 21 days after the co-defendants' September 1 date (approximately September 22) best promotes judicial economy by allowing review of their filings.

If agreeable, I propose we submit a joint stipulation reflecting: (1) waiver of service noted, (2) default set aside, and (3) extension to September 22.

Alternatively, if you prefer to effectuate service before the hearing, I am available to accept service on Wednesday,

July 23, via a process server. If you would like to do that, please have them contact me at this email address to coordinate. While I defer to the Court's discretion on Plaintiffs' Rule 4(m) motion (ECF No. 83), I respectfully maintain my position on service validity pending resolution.

I'd appreciate a response by close of business Tuesday, July 22, to finalize any stipulation before the hearing. Otherwise, I remain open to discussion and defer to the Court's guidance on July 24.

Respectfully,

Matthew Weiss

On Mon, Jul 21, 2025 at 9:40 AM Patrick Lannen <Patrick@sgghlaw.com> wrote:

> Mr. Weiss, thank you for your email. I will file a certificate of service noting, as your email states below, that you waived service of the consolidated complaint. We do not agree to provide you with 21 days to answer after the Michigan defendants' September 1, 2025 date. That would be longer than the time you would have if you had not waived service and we were to have served you this week Thursday following the hearing. We will, however, still provide you until September 1, 2025 to answer to coincide with the date of the Michigan defendants. As part of that offer, we would voluntarily set aside the default, and it would be up to the Court to decide whether to still hold a hearing or a conference this week.

> Patrick Lannen

> Partner

> Stinar Gould Grieco & Hensley

> 550 W Merrill St, Suite 240
> Birmingham, Michigan 48009

> Cell: 269-370-1746

> Office: (248) 232-7409 and (313) 355-6258

> Patrick@SGGHLaw.com

> www.SGGHLaw.com



> *This e-mail transmission contains information from Stinar Gould Grieco & Hensley, PLLC which may be confidential or protected by attorney-client privilege. If you are not the intended recipient, you are hereby notified that you must not read this transmission and that any disclosure, copying, printing, distribution, or use of any of the information contained in or attached to this transmission is prohibited. If you have received this transmission in error, please notify us immediately by e-mail and delete the original transmission.*

**From:** Matthew Weiss <mattwprose@gmail.com>
**Sent:** Thursday, July 17, 2025 5:09 PM
**To:** Patrick Lannen <Patrick@sgghlaw.com>
**Cc:** Erik Johnson <Erik@sgghlaw.com>; Parker Stinar <parker@sgghlaw.com>
**Subject:** Re: Cooperative Resolution in Case No. 2:25-cv-10806 - Reply and Recent 4(m)

Mr. Lannen,

Thank you for your email.

As noted in my pending motion (ECF No. 79), I have already waived formal service of the consolidated complaint in good faith. If you think a formal waiver is still necessary, I am open to that. However, I requested a response deadline 21 days after the other co-defendants, specifically the University of Michigan and Keffer. I believe that this deadline is in the interest of judicial economy.

While I remain open to resolving these procedural issues cooperatively, I believe it would be important for any agreement to reflect an accurate procedural record. Specifically, that the initial default was based on defective service, no Rule 4(m) motion was filed until after my appearance, and that prior references to evasion were unsupported.

If Plaintiffs are willing to correct those issues on the record, I'd be open to finalizing a waiver that aligns with the Court's timeline. Otherwise, I'm content to await the Court's guidance at the upcoming hearing.

Respectfully,

Matthew Weiss

On Thu, Jul 17, 2025 at 4:17 PM Patrick Lannen <Patrick@sgghlaw.com> wrote:

> Mr. Weiss,
>
> Are you willing to execute a waiver of service for the consolidated complaint if we provide until September 1, 2025 to answer?
>
> Patrick Lannen
>
> Partner
>
> Stinar Gould Grieco & Hensley
>
> 550 W Merrill St, Suite 240
> Birmingham, Michigan 48009
>
> Cell: 269-370-1746
>
> Office: (248) 232-7409 and (313) 355-6258
>
> Patrick@SGGHLaw.com
>
> www.SGGHLaw.com



*This e-mail transmission contains information from Stinar Gould Grieco & Hensley, PLLC which may be confidential or protected by attorney-client privilege. If you are not the intended recipient, you are hereby notified that you must not read this transmission and that any disclosure, copying, printing, distribution, or use of any of the information contained in or attached to this transmission is prohibited. If you have received this transmission in error, please notify us immediately by e-mail and delete the original transmission.*

**From:** Matthew Weiss <mattwprose@gmail.com>
**Sent:** Thursday, July 17, 2025 9:00 AM
**To:** Patrick Lannen <Patrick@sgghlaw.com>; Erik Johnson <Erik@sgghlaw.com>; Parker Stinar <parker@sgghlaw.com>
**Subject:** Cooperative Resolution in Case No. 2:25-cv-10806 - Reply and Recent 4(m)

Dear Mr. Stinar, Mr. Lannen, and Mr. Johnson,

I'm writing to confirm that I submitted a reply in support of my pending motion for extension of time to respond to the consolidated complaint. As noted in that filing, I appreciate your response and the recent Rule 4(m) motion (ECF No. 83).

While I do not oppose appropriate relief under Rule 4(m) to allow for proper service, I respectfully note that factual issues regarding the prior default and earlier characterizations of service and
evasion may remain for the Court's consideration at the upcoming hearing. I plan to defer to the Court's discretion.

In the meantime, I remain open to reasonable cooperation on scheduling or service issues that promote efficient case management and avoid unnecessary motion practice. Please feel free to direct any future correspondence to this email address.

Respectfully,

Matthew Weiss
Pro Se Defendant